## In the matter of SANDERS and others.

Where the testator, by his will, devised to his grand daughter a house and lot of land from and immediately after his youngest grandchild, named in the will, attained the age of twenty-one, to hold the same to the grand daughter for life, with remainder in fee to such child or children as might be born of her body; and devised other real estate, in like manner, to his other grand children for life, with remainder to their children in fee; and by a subsequent clause of his will, directed that if any of his grand children should die without leaving lawful issue at the time of their death, the devise to such grandchild so dying without issue, should vest in the other grand children, their heirs and assigns forever; *Held*, that the grand daughter took a contingent estate for life in the house and lot, which became vested in possession when the youngest grandchild of the testator arrived at the age of twenty-one; and that such of the children of the grand daughter as were then in existence, or if none were then in existence, then those who were born afterwards, at their birth, took a remainder in fee, subject to the contingency of their dying without leaving issue living at the death of their mother, and subject also to open and let in after born children.

After an express limitation to a man for life, in a devise of lands, if the remainder is given or limited to his sons, or his children, and their heirs, or the heirs of their bodies, he takes an estate for life only; and the sons or children, and not the father, take the residue of the estate, by way of remainder.

The term children, in its natural sense, is a word of purchase, and it is to be taken to have been used as such, unless there are other expressions in the will which show that the testator intended to use it as a word of limitation only.

Where, by the terms of the will, an estate is given to a man and his children, if he has children at the time of the devise, he takes a joint estate with the children; but where there are no children in esse at the time of making the will, the term children, in such a devise, may be construed as a word of limitation merely.

THIS was an application to discharge Barent Bleecker as a trustee, and to substitute Barent Sanders and his wife, who claimed to be solely interested in the trust fund, as trustees in his place. Upon the presenting of the petition, the chancellor directed notice of the application to be given to the children of Mrs. Sanders; and appointed a guardian ad litem for such of the children as were infants. The facts of the case, so far as is necessary to understand the decision, are stated in the opinion of the chancellor.

January 7.

*J. Rhoades,* for the petitioners, contended that Mrs. Sanders took an estate in fee tail, in the premises in question, under the will of her grandfather, which was turned into an estate in fee by the statute abolishing entails. He cited 4 *Cruise Dig. tit.* 32, *ch.* 25, *sec.* 5; *the rule in Shelly's case,* (1 *Preston on Estates,* 263 ;) 4 *Kent's Com.* 206, 1*st* ed.; 1 *Coke's R.* 104 ; *Theebridge* v. *Killburne,* (2 *Ves. sen.* 233.)

*A. C. Paige,* for the children of Mrs. Sanders, contended that Mrs. Sanders took under the will only a contingent estate for life in the premises, which became vested when the youngest grandchild of the testator arrived at the age of 21 ; and that such of her children as were then in existence took a vested remainder in fee, which opened and let in after born children ; and that such remainder in fee was subject to the contingency of all the children of Mrs. Sanders dying without leaving issue at her death. He cited *Doe* v. *Provost,* (4 *John Rep.* 61 ;) 4 *Cruise's Dig. tit.* 32, *ch.* 25, *sec.* 30, 31, 33, 35; *Fearne on Con. Rem. pages* 28, 34, 37, 71, 203, *and notes* 148, 149, *and n. a. and* 187; *Jackson* v. *Luquere,* (5 *Cowen,* 221 ;) *Jackson* v. *Elmendorf,* (3 *Wendell,* 222 ;) *Rogers* v. *Rogers,* (3 *Id.* 503 ;) *Jackson* v. *Robins,* (16 *John. Rep.* 537, 589 ;) *Cruise, tit.* 38, *ch.* 9, *sec.* 4, 2, 15 ; *Doe* v. *Perryn,* (3 *T. R.* 484.)

THE CHANCELLOR. The principal question to be considered in this case is whether the children of Mrs. Sanders have any interest in the trust fund. For, if they have, this court should not change the trustee, and substitute a new one, without requiring ample security for the protection of their interests in the subject matter of the trust. The fund in the hands of this trustee is a part of the proceeds of a lot of ground in the city of Albany, which was taken by the corporation of that city for the widening of State street between Market street and the basin. The lot originally belonged to G. Van Sante, the grandfather of Mrs. Sanders. By his will, made in 1806, he devised this lot, with other property, to Mrs. Sanders, then Catharine Bleeker, from and immediately after his youngest grandchild named in the will should attain the

age of twenty-one years : to hold the same to her for life, with remainder to such child or children as might be born of her body, and to the heirs and assigns of such child or children forever.

Other property of the testator was also devised in the same manner to his other grand children for life, with remainder to their children in fee. And the testator, by a subsequent clause in his will, further directed that if any of the grand children should die without leaving lawful issue at the time of their death, the devise to the grandchild, so dying without issue, should devolve upon and vest in the other grand children, and their heirs and assigns forever. The mayor's court decided that the $17,244, allowed as a compensation for this lot, belonged to Mrs. Sanders, exclusively ; on the ground that she took a fee simple absolute in the premises, under the will of her grandfather. A judgment, in favor of the corporation, against the husband, and a mortgage given by Sanders and his wife to a third person, were therefore ordered to be paid out of the fund. And the chamberlain of the city was directed to pay the balance, amounting to about $14,000, to such person as might be legally authorized to receive the same for Mrs. Sanders, under the direction of the mayor's court ; so that her rights in the same as a feme covert might be protected.

It is not material for the purposes of the present application to consider what would have been the legal effect of this decision of the mayor's court upon the rights of the children of Mrs. Sanders, if the subsequent declaration of trust had not restored them to their former rights ; so far, at least, as the balance of 14,000 was affected by that decision. By the written agreement, and declaration of trust, under which the present trustee has been permitted to receive that balance, with the sanction of the mayor's court, he now holds the fund in trust, in like manner, and with the like effect, so far as regards the beneficial interest of Mr. and Mrs. Sanders and their children therein, as the lot itself was holden before it was taken for the street. The counsel for the petitioners insists that by the will of G. Van Sante, Mrs. Sanders took an estate tail in this lot, which was turned into an estate in fee simple by the operation of the statute abolishing entails. If he is right in this construction of the will, the children of Mrs. Sanders

have no interest in the trust property, and it is only necessary for the court to protect the wife's equity therein. But if the guardian ad litem for the children is correct, in supposing that their mother had only a life estate in the lot, and that the children were entitled to the same after her death, as the owners of the remainder in fee, she and her husband have already received more than her share of the trust fund. And the whole which now remains, including the income thereof, should be preserved for the benefit of her children already born, and such as may be born hereafter. In support of the construction contended for by Sanders and wife, their counsel relies upon the ex parte opinions of two distinguished jurists, given in 1824, as to the legal effect of a similar devise, in this will, to another of the grand daughters of the testator. I apprehend, however, that these eminent lawyers, when they gave these opinions, did not advert to the distinction between a devise to a man for life, with remainder to his children, or the children of his body, and a similar devise to him for life, with remainder to his heirs, or the heirs of his body. According to the rule in *Shelly's case*, a devise to a man for life, with remainder to his heirs, or the heirs of his body, gives to him the whole estate in fee simple in the one case, and an estate in fee tail in the other. This rule is applied to limitations in which the word *heirs* is used, on account of the peculiar signification of that word, and upon the maxim that no one is an heir of the living. But after an express devise or limitation of lands to a person for life, if the remainder is given or limited to his *sons*, or his *children*, and their heirs, or the heirs of their bodies, he takes an estate for life only ; and the sons, or children, and not the father, take the residue of the estate in fee, or fee tail, by way of remainder. (1 *Coke's Rep. Thomas and Fraser's ed.* 263, *note.* 4 *Cruise's Dig. tit.* 32, *ch.* 25, § 30. *Revisors' note to ch.* 1, *pt.* 2 *of R. S. p.* 26.) The word heirs, in its natural signification, is a word of limitation ; and, it is presumed to have been used in that sense by the testator, unless a contrary intention appears. But the term children, in its natural sense, is a word of purchase ; and is to be taken to have been used as such, unless there are other expressions in the will showing that the testator intended to use it as a word of limitation only.

1834.

In the matter of Sanders.

Where, by the terms of the will, the estate is not limited to the father for life with remainder to his children, but is given to him and his children, the construction of the devise varies according to circumstances. If the devisee, in such a case, has children at the time of making the will of the testator, it has been holden that he takes a joint estate with his children ; as in *Oates* v. *Jackson*, (2 *Strange*, 172.) But where there are no children in esse at the time of making the will, the word children, in a devise to a man and his children, has sometimes been construed a word of limitation merely, so as to create an estate tail in the devisee. (*See Wild's case*, 6 *Coke's Rep.* 16, *and Burton on Real Prop.* 208.) I am not aware, however, of any case where the parent's estate was expressly limited to him for life, with the remainder to the children of his body, in which the term children was construed a word of limitation, and not of purchase ; whether such parent had or had not children living at the time of making the will. Indeed, such a construction of a will which contained a devise in that form, would unavoidably defeat the intention of the testator. Independent, therefore, of the decisions in our own courts, I do not see any good reason for sustaining the construction of this will which is contended for on the part of the petitioners. This question, however, is put at rest by the decision of the court of dernier resort in this state, in the case of *Rogers* v. *Rogers*, (3 *Wendell's Rep.* 503.) In that case, as in this, there was an estate given to the first object of the testator's bounty, Thomas Rogers, junior, for life, with remainder to the children of his body, after his death. And although, in the habendum clause, the term heirs of his body was substituted for that of children, it was held that nothing but a life estate was devised to the son, and that his children took the estate, after his death, as a remainder.

In this case, Mrs. Sanders took a contingent estate for life in the lot in question, by way of executory devise ; which became vested in possession when the youngest grandchild, named in the will, arrived at the age of twenty-one. And if she had any children at that time, the remainder immediately vested in such children in fee, subject, however, to the con-

tingency of their dying without leaving issue living at the death of their mother, and subject also to open and let in after born children. If she had not children at the time her life estate took effect in possession, the remainder was contingent until the birth of her first child, when it vested in such child, subject to be opened in like manner, to let in her after born children.

Sanders and his wife, therefore, having received a much larger portion of the fund than her life estate in the income of such fund would amount to, have no right, as the cestui que trusts, to apply for a change of the trustee. But if the present trustee wishes to be relieved from his trust, he is at liberty to invest the trust fund on bond and mortgage, or in other permanent securities, in the name of the register of this court, for the benefit of those who may be entitled to the same on the death of Mrs. Sanders. Or Sanders himself may be substituted the trustee, upon his giving sufficient security to the register, by bond and mortgage on unencumbered real estate, conditioned to account, upon the death of the mother, for so much of the fund as belongs to the children, as this court shall direct. The security in that case, however, must be sufficient to cover the whole sum of $14,000, exclusive of the income thereof, during the life of Mrs. Sanders ; as the substitution of him as the trustee may deprive the present trustee and the cestui que trusts of their remedy to recover back that part of the principal of the fund which has already been received by him.

The costs of the guardian ad litem appointed to protect the rights of the children of Mrs. Sanders, on this petition, should be paid out of the trust fund belonging to the children.