(35 Misc. Rep. 247.)

### CENTRAL TRUST CO. OF NEW YORK v. RICHARDS et al.

(Supreme Court, Special Term, New York County.  June, 1901.)

1. WILL—CONSTRUCTION—DIVISION OF ESTATE.
>    A testator devised the remainder of his property equally to his brothers and sisters and their children living at the time of his decease, and to the father and brothers and sisters of his wife and their children living at such time, and providing that, in the event of the decease of any one or more of his brothers and sisters at his decease, then their issue should take the share that its or their parents would have taken at testator's decease.  Held to require a division of the estate per capita between his brothers and sisters and the children of such as might be living at

the time of his death and his wife's brothers and sisters and their children living at such time, the grandnephews and nieces of either stock taking the share of their parents.

**2. SAME—AMBIGUITY.**
   Where any ambiguity in a will exists, that interpretation will be adopted which preferred the blood of the testator to that of strangers.

Action by the Central Trust Company of New York, executor of T. Addison Richards, against Jabez J. Richards and others, to construe a will. Judgment rendered.

Butler, Notman, Joline & Mynderse (Arthur H. Van Brunt, of counsel), for plaintiff.

Martin E. Gill, for defendants Jabez J. Richards and others.

Allan Robinson, guardian ad litem for Richards infants.

Robert D. Murray, guardian ad litem for Perkins infants.

William H. Fain, for defendants William H. and Clarence J. Anthony.

Merle I. St. John, for defendants G. L. and W. A. R. Anthony.

H. H. Bingham, for defendants Henry P. and Frank H. Anthony.

LAWRENCE, J. This action is brought to obtain a construction of the second clause of the will of T. Addison Richards, deceased. That clause reads as follows:

"Second. I give, devise, and bequeath the rest, residue, and remainder of my property, real, personal, and mixed, equally to my brothers and sisters and their children living at the time of my decease, and also the father and brothers of my beloved wife and their children now living and who may continue to be living at my decease. And in the event of the decease of the issue of any one or more of my brothers and sisters before my decease, including those already deceased as well as those who may decease, that then the issue of such issue shall take the share which its or their parent would have taken if living at my decease."

The testator left surviving him two brothers and two sisters; twenty-nine nephews and nieces, some of whose parents were living and some deceased at the date of testator's death; two grandnephews, the children of a deceased daughter of testator's deceased brother; and one grandniece and three grandnephews, the children of a deceased son of testator's living sister. There were also living at the date of testator's death three of his deceased wife's brothers, of whom one had two sons, another one son, and the other no children. The deceased daughter of testator's deceased brother and the deceased son of testator's living sister were dead, with no children surviving them, at the date of the execution of the will. The testator's wife's father died before him. The guardian ad litem of the infants Harold Richards, Lucy R. Richards, and Charles B. Du Bose, nephews and a niece of the testator, has filed a general answer as guardian ad litem, and the attorney for the brothers and sisters of the testator and of their children has filed an answer alleging that the nephews and nieces of the testator take per capita in equal shares with his brothers and sisters and the brothers of his wife and their sons, and that all his nephews and nieces take whether the children of brothers or sisters who died before him or who survived him. The guardian ad litem of the Perkins infants,

children of a deceased daughter of a deceased brother of the testator, has served an answer, in which he claims that the children of the testator's surviving brothers and sisters and the sons of the brothers of testator's wife take nothing under the will, and claiming, as a result of that position, that the estate should be divided into sixteen shares, and that each of said infants is entitled to one-half of one share, being one thirty-second part of the estate. The defendant Frank H. Anthony, a nephew of testator's wife, has served an answer alleging that under the testator's will the children of the testator's living brothers and sisters are excluded from any share in his estate, but that the children of the living brothers of testator's wife are included by the terms of the will, and entitled to take thereunder. In regard to the claim that the testator intended that the children of the living brothers of his deceased wife should stand on a more favorable footing than the children of his own living brothers and sisters, I deem it sufficient to say that I do not think that it can be sustained. It is elementary that, where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of the testator to strangers. Wood v. Mitcham, 92 N. Y. 375–379. A reading of the will discloses no intention on the part of the testator to prefer his wife's relatives to his own. Certainly, the provision, "And in the event of the decease of the issue of any one or more of my brothers and sisters before my decease, including those already deceased as well as those who may decease, that then the issue of such issue shall take the share which its or their parent would have taken if living at my decease," evinces no such intention. The testator knew which of his nephews and nieces had died at the time of the execution of his will, and the object of that provision, as I view it, was simply to enable the issue of the deceased children of his brothers and sisters to take the share which their parents would have taken if living at the time of his decease. The rule is, of course, that the court is to be governed in the construction of a will by the intention of the testator, if that can be discovered from its provisions; and it is also the rule that, where a general rule of construction comes in conflict with the intention, the latter should govern. In re James, 146 N. Y. 78, 40 N. E. 876. In this case there is not, in my opinion, any ambiguity as to the testator's intention. I think it is plain from reading the will that the testator intended that his estate should be divided per capita between his brothers and sisters and the children of such brothers and sisters who might be living at the time of his death and the testator's wife's brothers and their children who might be living at the time of his death. See Bunner v. Storm, 1 Sandf. Ch. 357; Murphy v. Harvey, 4 Edw. Ch. 131; In re Sanders, 4 Paige, 293; Myres v. Myres, 23 How. Prac. 413, and cases cited. The fact that the will contains an additional provision to the effect that, in the event that any of the issue of the testator's brothers and sisters had died leaving issue at the time of his death, such issue should take the share which its parent would have taken if living at his decease, does not in any way conflict with this view. The provision tends rather to

strengthen the construction that the testator intended that the children of his brothers and sisters who were living at the time of his death should share with their parents in the distribution of his estate; otherwise, it would seem to be without meaning, for the reason that, if the children of the testator's living brothers and sisters were not intended to take under the will had they survived the testator, it is difficult to see how the issue of such children could take the shares which their parents would have taken if living. If the parents were not to have received shares under the will, surely their issue would have nothing to receive. Assuming that it was the intention of the testator to divide his estate as above indicated, it follows that such estate is to be divided into forty-one shares, and that one of such shares is to go to each living brother and sister and nephew and niece of the testator and each living brother and nephew of his wife. The infants Perkins, the two sons of the deceased daughter of the testator's deceased brother, take one share between them, and the four children of the deceased son of the testator's living sister Mrs. Du Bose are entitled to the remaining share. Draw decision and judgment accordingly, and settle on two days' notice.

Ordered accordingly.