Robert W. Bascom, S.
Clause Fifth of the will of Helen C. Parant, which was executed August 17, 1960 and admitted to probate May 29, 1962, reads as follows: “I give, devise and bequeath all of my real property located on the Vaughn Corners Road in the Town of Kingsbury, New York and the contents of the house and barn, excepting the above bequeathed articles mentioned in the Fourth clause of this will, to my niece mary Esther crohkhite woodwabd and to her children.”
Both on the date of the execution of the will and on the date of death of the testatrix, Mrs. Woodward had two living children.
A determination is sought as to whether the quoted clause vested a fee simple absolute in the named legatee or whether any interest was vested in her children, and if so, the nature of the respective estates and the respective proportions in which Mrs. Woodward and her children share. There appears to be a paucity of law on the subject in this jurisdiction and the precise question, as far as the interpretation of a devise and bequest to a named person and her children is concerned, seems not to have been entertained by the courts of this State for 120 years.
Three possible interpretations of this particular language are suggested, namely (a) that Mary Esther Cronkhite Woodward takes a fee simple absolute to the exclusion of her children, either on the theory that the words “ and to her children ” are words of limitation, or that the word “ or ” was intended for the word “ and ” and that the gift to the children was substitutional; (b) that Mrs. Woodward takes a life estate with remainder on her death to her children, as similar devises or grants have been interpreted in other jurisdictions, notably Pennsylvania; and (c) that Mrs. Woodward and her two children are tenants in common, each having an undivided one-third interest in the property.
We must collect the intent of the testatrix from within the four corners of the will, if the document as a whole reveals this intent. We must not confuse intention with meaning (Sams v. Garlick, 14 M. & W. 698). Although perhaps susceptible of differing interpretations, the words under consideration are not ambiguous in and of themselves. If they have or have acquired a technical meaning in the field of devises, grants or bequests, we must apply that meaning unless we discern a different design of the testatrix from the whole document.
*287 In support of her contention that she takes an absolute fee, to the exclusion of her children, petitioner contends that the word “ and ” was intended to be “ or ” and was inadvertently used by the draftsman, with the result that the gift to the children was meant to be substitutional in the event of Mrs. Woodward’s predeceasing testatrix. To bolster her contention of inadvertence, she points to the residuary clause which follows the one in question, where the residue is given to Mrs. Woodward and to two other named persons, in equal shares, and provides that in the event of Mrs. Woodward’s prior death, her share is given and bequeathed to her children in equal shares; that having demonstrated her ability to create a substitutional gift of the residue, it is improbable the testatrix intended other than that in devising real estate in such a manner that it would be held by an unknown number of infant coowners, thereby rendering the title inalienable except by order of court. The argument, though plausible, is not elevated to the plane of conviction. To conclude that simply because testatrix made a substitutional or alternative gift in the residuary clause, she must have intended a like gift in another clause, is purely speculative and capricious. When a testator in one part of his will demonstrates his ability to make a certain variety of gift by apt terms, the use of a different mode of expression in another direction raises the inference that he had a diverse disposition in mind (Matter of Corlies, 150 Misc. 596, 599).
There being nothing else in the will from which to glean an indication of testatrix’ intent, and the will having been prepared by an experienced draftsman, we must take the words “ and to her children ” as we find them and give to them “ their usual and accepted meanings without enlargement and without restriction * * * and when particular or technical terms are used particular or technical interpretation or construction follows as of course in the absence of all clear intent to the contrary ” (Matter of Barrett, 141 Misc. 637, 638-639; Graves v. Deterling, 120 N. Y. 447, 457).
In its usual and commonly accepted meaning “ and ” is a connective, while “ or ” is a disjunctive. “ And ” is not correctly or generally used to express an alternative, unless followed by words which clearly indicate that intent. “ Or ” is correctly and generally used for that purpose (Matter of Barrett, supra p. 640). As the court said in the last-cited cáse (p. 641): “It seems to me that it must be assumed that an experienced lawyer would have used the word ‘ or ’ rather than the word 1 and ’ to express a gift intended to be in the alternative, and that having made use of the word‘ and ’ he would have added thereto, words *288 clearly indicating that it was intended to be used in the alternative sense if that was the testator’s intention. There were no such words added here.” We must therefore reject the theory that an alternative or substitutional gift to the children was intended.
The word ‘ ‘ children ’ ’ in its primary and natural sense is always a word of purchase and not of limitation (Chrystie v. Phyfe, 19 N. Y. 344; Schoonmaker v. Sheely, 3 Denio 485, 490; Tayloe v. Gould, 10 Barb. 388; Matter of Sanders, 4 Paige Ch. 293; Edwards v. Bates, 79 Ind. App. 578; Armstrong v. Moran, 1 Bradf. 314; Williams v. Armiger, 129 Md. 222). As used in a will, “ children ” is a word of personal description. It points to individual acquisition. It is limited to persons standing in the same relations and has the same effect as if all the names had been given (Rowley v. Currie, 94 N. J. Eq. 606; Balcom v. Haynes, 96 Mass. 204). It is not a word of limitation. It does not point to hereditable succession. It is employed in contradistinction to the term “ issue ” (Crawford v. Forest Oil Co., 77 F. 534, affd. 77 F. 106). As was said by the Court of Appeals in Chrystie v. Phyfe (p. 354): ‘ ‘ There is one class of cases, and one only, in which the term ‘ children ’ is considered as a word of limitation ; that is, where there is a present devise to one and his children, when he has no children at the time. There if the word ‘ children ’ should be interpreted as words of purchase, future children could not take at all, .and in order that the will of the testator may operate favorably to them and not confine the gift to the parent for life, ‘ children ’ is then deemed a word of limitation.”
We conclude, therefore, that Mrs. Woodward and her children living at the death of testatrix (Campbell v. Rawdon, 18 N. Y. 412) all took some interest in the real and personal property devised and bequeathed by the clause of the will in question. It remains to determine their respective interests.
The only ease in this State where the precise words here involved were interpreted, which the diligence of counsel or the research of the court has revealed, is Murphy v. Harvey (4 Edw. Ch. 131) decided in 1843. In that case there was a bequest of all testator’s estate to his two brothers and sister and their children, and in case of the death of either of them, to their heirs, to be equally divided among them who shall survive and the children and heirs of the deceased. Both the brothers and sister died before the testator, leaving children, and the Vice-Chancellor said (p. 132): “ Under the will, the two brothers and sister of the testator, had they survived him, and their children living at his death, would have taken in equal shares per capita-, all faring *289 alike in the division and distribution of the property; the word children, as used in this will, being a word of purchase constituting all who answer the description of devisees or legatees in their own right. ‘ Children ’ is naturally a word of purchase, and is not to be construed or converted into a word of limitation, except from necessity in order to carry out the intention of the testator in giving effect of the will ”,
In Hannan v. Osborn (4 Paige Ch. 335) decided in 1834, there was a devise to a sister, to have and to hold the same to her and her children forever, with a devise over in case she should die and all her children should die leaving no children. Both at the date of the will and of testator’s death, the sister had one child only. It was held that the devise was not to the mother and her children immediately, but only because the court found an intent that the children were not to take immediately, but only by way of remainder, from the fact that the testator used the word “ children ” in the plural at a time when there was but one child.
Armstrong v. Moran (1 Bradf. 314, 315, supra) appears to be the only other case approaching the one under consideration. In that there was a bequest of personalty to a brother of the testator and his children, and the child of testator’s sister “ to be equally divided between them, and their heirs, and assigns, for ever.” The child of the sister having predeceased, that share lapsed and devolved as intestate property, and it was held that the brother and his five children took equal shares in the balance as tenants in common but the quoted words relating to equal division were accorded great weight.
In Matter of Sanders (4 Paige Ch. 293, 297, supra) decided in 1834, the court said, obiter: ‘ ‘ Where, by the terms of the will, the estate is not limited to the father for life with remainder to his children, but it is given to him and his children, the construction of the devise varies according to circumstances. If the devisee, in such a case, has children at the time of making the will of the testator, it has been holden that he takes a joint estate with his children; as in Oates v. Jackson (2 Strange 172.) But where there are no children in esse at the time of making the will, the word children, in a devise to a man and his children, has sometimes been construed a word of limitation merely, so as to create an estate tail in the devisee.” (See Wild’s case, 6 Coke’s Rep. 16 * * *.)
Wild’s case, decided in 1599, expresses the common law on the subject and from it evolved the so-called Rule in Wild’s case. This was in the form of two “ resolutions ”, both of which were dicta. Under the first, if A devises his lands to B and to his *290 (B’s) children or issues, and he (B) has not any issue at the time of the devise, the same is an estate tail. (This of course would be a fee simple absolute today.) Under the second “ resolution ’ ’, with which we are here concerned, if A devises his lands to B and to his children, and B has children at the death of A, the parent and children take equal and concurrent estates. The rule has been subject to some criticism and although generally accepted, has not been uniformly adopted. In Pennsylvania, for example, a life estate is found in the named devisee, with remainder to the children, as witness Crawford v. Forest Oil Co. (77 F. 534, affd. 77 F. 106, supra) where there was a devise to son Matthew and his children. Matthew had six children living when the will was made, and seven at testator’s death, and the court found that by the use of the term “ children ” the testator vested an estate in remainder in a specified class of persons and a precedent life estate in Matthew the father. In Hague v. Hague (161 Pa. St. 643), a grant by deed was to Sarah Hague and her children, and the court said that if they were strangers it would constitute them all tenants in common, but the weight of authority holds the mother to be only a tenant for life. Likewise, in Coursey v. Davis (46 Pa. St. 25) the words of a grant were to Mildred Ann Davis and her children exclusively, and their heirs and assigns, and it was held that the words vested in Mildred Ann Davis a life estate with remainder in fee to the children as a class, so that those in being at the date of the deed, as well as those subsequently born, would be entitled to take in the distribution on the termination of the life estate.
McCullough’s Estate (272 Pa. St. 509) is in the same vein, but on the other hand, McIntosh’s Estate (158 Pa. St. 525) holds to the contrary, as there a devise to James and his children was held to give the children equal distributive rights with their father.
Kentucky seems to follow the majority of the Pennsylvania cases, as witness Smith v. Smith (119 Ky. 899, 902), where there was a devise “ to my son and his children ” and it was held that the son took a life estate, with remainder to the children. (See, also, Bowe v. Richmond, 33 Ky. L. Rep. 173.) Indiana is in the same category (Edwards v. Bates, 79 Ind. App. 578, supra).
Virginia, on the other hand, interprets such a devise as giving the parent a fee simple on the theory that the words “ and his children” like the words “ and his heirs”, are words of limitation and not of purchase (Wallace v. Dold, 3 Leigh [30 Va.] 258).
*291 Other jurisdictions, however, follow the rule in Wild’s case. A sampling of such decisions would include Matter of Utz (43 Cal. 200) where a devise to testator’s daughter and her children, entitled the children to share in the devise, and it passed to the daughter and her children as tenants in common. Also Jones’ Executors v. Jones (13 N. J. Eq. 236) wherein a devise to a woman and her children, she having children living at the time of the devise, the word “ children ” was said to be a word of purchase to be taken according to its natural import, and the children took a joint estate with the mother in the land devised. Moore v. Ennis (10 Del. Ch. 170), where the testator gave two of his sons and their children bequests of money, is to the same effect, and it was held that the children took jointly and in equal shares with the parents. In Davis v. Sanders (123 Ga. 177) testator directed his property be divided “ equally between my wife * * * my daughter-in-law * * * and her children, my daughter * * * and her children * * ® now or hereafter born ”, and it was held that the children took equally with the parents.
North Carolina takes the same position, for there it is held that in a deed to A and his children, if A has children when the deed is executed, he and his children will take as tenant in common (Boyd v. Campbell, 192 N. C. 398; Cullens v. Cullens, 161 N. C. 344).
Thus it appears that Wild’s case is followed more often than rejected and we apprehend it is the law in this State, insofar as the factual situation now before us is concerned.
There is, however, another basis upon which to rest our determination, and that is, absent a showing of a contrary intent, the devise and bequest here involved is a class gift and the named parent is treated as a member of the class composed of herself and her children. If Mrs. Woodward had predeceased testatrix, or if the gift to her had been revoked by codicil, the gift would have gone to those who were members of the class at the time for distribution, namely her children. In the absence of facts showing a different intent of the testatrix, the members of the class receive undivided interests as tenants in common in an estate in fee simple absolute as to the realty, and fractional shares in undivided complete ownership as tenants in common of the personalty (3 Restatement, Property, ch. 22, § 283). Clause Fifth of Helen C. Parant’s will is construed accordingly.