OPINION OF THE COURT
William J. Regan, S.
The petitioner executrix of the estate of Albert J. Schieder has brought this proceeding to obtain a determination as to the validity, construction or effect of the disposition of property contained in Paragraph second of the last will and testament of Albert J. Schieder. The last will and testament of the decedent herein was executed on the first day of November, 1979, and by Paragraph second devised and bequeathed, “to my wife, mary schieder, that portion of my estate to which she would be entitled under the laws of the State of New York were I to die intestate.”
The testator in Paragraphs third and fourth of said last will gave and bequeathed several watches to two of the respondents, namely, Milfred Merkl and James Kelly. The testator, by the fifth paragraph, devised and bequeathed all the rest, residue and remainder of his estate to the respondents, Anna Merkl, Mildred Merkl, Dorothy Kelly, Milfred Merkl, James Kelly and the petitioner, in equal shares.
The necessity for the instant construction proceeding becomes apparent in that the testator died leaving the respondent, Mary Schieder, and no children and no par *1030 ents. Under these circumstances, the intestate share of the estate of Albert J. Schieder would be given entirely to the respondent surviving Spouse, Mary Schieder. (EPTL 4-1.1, subd [a], par [5].)
The petitioner contends that the intent of the testator was to give and bequeath to his wife a share equal to her “right of election” under EPTL 5-1.1, and not a share which would equal her “intestate” share.
The retained attorney testified at a hearing that the testator requested that a will be drawn for the testator wherein and whereby his wife would be given the minimum under the laws existing in the State of New York. The retained attorney recorded the testator’s wish and asked another attorney to draft the will. After the will was typed, the retained attorney thereafter réturned to the testator, wherein the testator executed the same.
The problem created emanates from the fact that when a lawyer draws a document, he is presumed to know what the effect would be when using legal terminology such as “intestate share” as opposed to “elective share.” The law is well settled that unless there is some ambiguity, the plain meaning of the language will be given effect.
The petitioner maintains, however, that a reading of the entire document contains conflicting bequests and is ambiguous unless the word “intestate” is not construed to mean “elective”. The testator in Paragraph second by giving “that portion of my estate” to his wife, would indicate that it was not his intent to give his entire estate to his wife. The bequest contained in Paragraphs third, fourth and fifth supports the petitioner’s contention that the testator desired his wife to get a portion of his estate and that the rest be divided among the other respondents. Examining the will in the instant case in a search for the testator’s intent, the court finds that a minimum provision is made for the respondent Mary Schieder, which would equate to her elective share. There is no language in the will which conditions the dispositions made in Paragraphs third, fourth and fifth as alternative gifts in the event of the predecease of Mary Schieder.
When a will is drafted by an attorney, words used in it are to be given the technical meaning they have acquired, *1031 unless a different intent can be clearly gathered by the reading of the entire document. (Matter of Parant, 39 Misc 2d 285; Graves v Deterling, 120 NY 447; Matter of Sperling, 92 Misc 2d 446.)
It is the decision of this court, therefore, that the construction of Paragraph second in the last will and testament of Albert J. Schieder is, in effect, a disposition of an elective share to Mary Schieder.