## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### TOWNSEND & OTHERS V. OUTTEN & OTHERS.

#### JANUARY 20, 1898.

Absent, Cardwell, J.

1. DEED—*Release of Interest—Subsequent Assertion of Title.*—A grantee in a deed who has released all interest in the property conveyed, in consideration of the conveyance to her of other property by the grantor, which last mentioned conveyance was made on condition that she should execute such release, cannot thereafter assert any title or interest under the first mentioned deed.

2. DEEDS—*Partition—Covenant for Quiet Enjoyment.*—A deed which contains no clause of conveyance, but recites that the parties thereto have made partition and division between them of the lands therein mentioned of which they were seised in fee, and declares what part each is to have, and covenants that neither of them, nor any person claiming under either shall disturb the other in the possession and enjoyment of the part allotted to him, is a mere deed of partition.

3. DEEDS—*Title Subsequently Acquired—Estoppel—Case in Judgment.*—A grantor is estoppel to claim a title subsequently acquired not only where he has conveyed with a warranty, but also where the deed of conveyance recites, or affirms, expressly or impliedly, that the grantor is seised of a particular estate which the deed purports to convey, and upon the faith of which the bargain is made. But this rule has no application to the case in judgment, as the appellees are not claiming any portion of the land allotted to the grantor of appellants in the deed of partition between him and the grantor of the appellees.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk, pronounced August 4, 1897, in a suit in chancery wherein the appellees were the complainants, and the appellants were the defendants.

*Affirmed.*

The deed referred to and construed by the court is in the words and figures following, to-wit:

"Whereas, George Bramble, by his deed of the 7th day of January, 1865, did give to Jane C. Lovitt, a life estate in a certain tract of land hereinafter described, with the remainder to the heirs of her body, which life estate has this day been released to Robert C. Lovitt and Henry C. Lovitt, and whereas Jane E., the daughter, has accepted in lieu of her interest in said tract of land a house and lot in the city of Norfolk, at the corner of Church and Holt streets, as will appear by deed of George Bramble of the 14th day of January, 1865, and admitted to record in the clerk's office of the Corporation Court of Norfolk city, on the 20th day of August, 1868.

"Now this indenture made this 8th day of February, 1876, between Robert C. Lovitt and Mary D., his wife, of the one part, and Henry C. Lovitt and Ella H., his wife, of the other part, witnesseth:

"That whereas Robert C. Lovitt and Henry C. Lovitt are seised in fee simple and have equal shares as joint tenants in and to a certain lot, piece or parcel of land, situated, lying and being in Brambleton, in the county of Norfolk, bounded as follows—to-wit: Commencing at a stake at a cove running between the lands severally owned by the said Jane C. Lovitt and George Bramble, at that time; thence running northwestwardly to a ditch at the head of said cove; thence running northeasterly along said ditch two hundred and sixty-three yards (263), or thereabouts, to a chinquapin post; thence running northwestwardly sixty yards (60), or thereabouts, to a road leading from the farm owned by George Bramble at that time, and occupied by W. H. C. Lovitt, to the racefield tract; thence along said road one hundred and fifty-six yards, or thereabouts, to another chinquapin post; thence southwardly to a post on said river, and thence along the shore of said river to the beginning.

"Now, therefore, to the end and intent that a perfect parti-

tion may be had and made between them, the said Robert C.
Lovitt and Henry C. Lovitt, of all and singular the lot, piece,
or parcel of land aforesaid, and that every of them, their and
every of their heirs, executors, administrators, or assigns may
from henceforth severally have and enjoy in severalty, without
any impeachment or disturbance of the other of them, his or
their heirs, executors, administrators, or assigns, his and their
portion and part of said lot, piece or parcel of land aforesaid,
they, the said Robert C. Lovitt and Henry C. Lovitt by their
own mutual consent and agreement have made partition and
division and by these presents do for them and their heirs make
partition and division of the said lot, piece or parcel of land
aforesaid in manner and form as hereinafter is mentioned (that
is to say):

"First. The said Henry C. Lovitt shall have for his part and
portion of the said lot, piece, or parcel of land above mentioned
and described all that part of said lot of land commencing at
a stake at a cove (near where a hickory now stands) running
between the lands owned by Jane C. Lovitt and the part now to
be allotted to said Henry C. Lovitt; thence running northwest-
wardly to a ditch at the head of said cove now marked by a per-
simmon tree; thence running northeastwardly along said ditch
to a walnut tree now standing; thence running southeastwardly
by a hickory straight on to a stake on the river shore; thence
along said river shore to the place of beginning to have and to
hold the said part of said lot last described unto him the said
Henry C. Lovitt, his heirs and assigns, forever in severalty and
divided from the part and portion of the said Robert C. Lovitt,
his heirs and assigns. And he the said Robert C. Lovitt shall
have for his part and portion of the said lot, piece, or parcel
of land above mentioned and described, all of that part of said
lot of land commencing at a stake on the river shore, the divid-
ing line between the said H. C. and R. C. Lovitt, running north-
westwardly to a walnut tree on the ditch; thence running north-
eastwardly to where a chinquapin post stood when the deed of

Bramble of the 7th of January, 1865, to Jane C. Lovitt was made; thence running northwestwardly sixty yards, or thereabouts, to a road leading from the farm owned by George Bramble at that time, and occupied at that time by W. H. C. Lovitt, to the old Racefield track; thence along said road one hundred and fifty-six yards, or thereabouts, to another chinquapin post; thence southwardly to a post on said river to the beginning, to have and to hold the said part of said lot last described unto him, the said Robert C. Lovitt, his heirs and assigns, forever in severalty, and divided from the part and portion of the said Henry C. Lovitt, as aforesaid. And the said Henry C. Lovitt, for himself, his heirs, executors, and administrators, doth covenant, promise and agree to and with the said Robert C. Lovitt, his heirs and assigns, in manner following, (that is to say), that he, the said Robert C. Lovitt, his heirs and assigns, shall have, hold and enjoy the said part and portion of the above described lot, partitioned and set off to him, the said Robert C. Lovitt, with all and singular, the appurtenances thereto belonging, or in any wise appertaining, to and for his and their own uses, without the let, suit, hindrance, interruption or demand of the said Henry C. Lovitt, his heirs or assigns, or of any other person claiming or to claim by, from, or under them or any of them.

"And the said Robert C. Lovitt, for himself, his heirs, executors, and administrators, doth covenant, promise, and agree to and with the said Henry C. Lovitt, his heirs and assigns, in manner following (that is to say), that he, the said Henry C. Lovitt, his heirs and assigns, shall have, hold and enjoy the said part and portion of the above-described lot, partitioned and set off to him, the said Henry C. Lovitt, with all and singular the appurtenances thereto belonging, or in any wise appertaining, to and for his and their own use and uses, without the let, suit, hindrance, interruption or denial of the said Robert C. Lovitt, or his heirs or assigns, or of any other persons claiming or to claim by, from, or under them or any of them.

"Witness the following signatures and seals:

|                 |          |
|-----------------|----------|
| H. C. LOVITT,   | (Seal.)  |
| R. C. LOVITT,   | (Seal.)  |
| ELLA H. LOVITT, | (Seal.)  |
| MARY D. LOVITT, | (Seal.)" |

The opinion states the case.

*Heath & Heath* and *J. F. Crocker*, for the appellants.

*Loyall & Taylor* and *Tunstall & Thom*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

After the decision of this court in the case of *Nye* v. *Lovitt*, reported in 92 Va. 710, the parties claiming under Henry C. Lovitt filed their bill against Mary D. Lovitt, Hattie L. Land, and her husband, and the parties claiming under Robert C. Lovitt for the purpose of having the division line established in the attempted partition of February 8, 1876, between Henry and Robert Lovitt, confirmed as a division line dividing the "Brambleton Property" into two parts, and to have Mary D. Lovitt and Hattie L. Land adjudged to be the owners of that portion of the land allotted to Robert in the attempted parti-tion, and the complainants adjudged to be the owners of that portion allotted to Henry, according to their respective rights therein.

The trial court granted the relief sought by the bill, and from that decree the defendants, claiming under Robert, took this appeal.

In the case of *Nye* v. *Lovitt*, it was conceded that Mrs. Jane E. Brown, the sister of Robert and Henry Lovitt, and one of the heirs of the body of Mrs. Jane C. Lovitt, was no longer entitled to any interest in the land conveyed by the deed of

January 7, 1865. That concession was based upon the fact that George Bramble, the grantor in that deed, had by another deed conveyed certain property to her upon condition that she should release and give up all her interest as one of the heirs of her mother in and to the first named property, and that she had accepted the property conveyed by the last named deed, and executed a deed releasing all her interest in the "Brambleton Property."

It is now insisted, or at least suggested, by counsel for appellants, that notwithstanding that concession and the facts upon which the concession was based, Mrs. Brown still has some interest in the "Brambleton Property." If the concession in that case did not conclude the parties to that suit from raising that question in this case, the acts of Mrs. Brown in taking under the deed which required her to surrender her interest in the "Brambleton Property," and her release of that interest by deed (a copy of which will be found in the record in the case of *Nye* v. *Lovitt,* and to which it was agreed the court could look in passing upon this question), divested her of all interest in the "Brambleton Property."

It is clear that if the deed made between Robert and Henry by which they divided the land into two parts, was a mere partition deed, the appellants have no interest in the land allotted to Robert, and no rights or equities which would prevent the court from granting the relief prayed for. And, as we understand the counsel of the appellants, this is admitted.

They insist, however, that the deed is not a mere deed of partition, by which there was a simple extinguishment of the interest of each in the land allotted to the other, but that the effect of the provisions of the deed was to invest Robert with title to one-half of Henry's fee simple interest, or at least the deed contains a recital that they were seized in fee simple and had equal shares as joint tenants in and to the whole tract, and a covenant for quiet enjoyment, and that by reason of this re-

cital and covenant Henry and those who claim under him are estopped from denying that Robert had a fee simple estate in the land in question, and that such estate is now owned and held by the appellants under *mesne* conveyances from him.

The deed must be construed according to the intention of the parties as gathered from the whole instrument. A careful examination of it satisfies us that the intention of the parties in making it was merely to partition the land between them so that each might hold the part allotted him in severalty and without disturbance from the other, and those who take under him.

The deed, after reciting how the parties acquired their interest in the land, and what that interest was, sets forth the object of the deed as follows:

"Now, therefore, to the end that a perfect partition may be had and made between them, the said Robert C. Lovitt and Henry C. Lovitt, of all and singular of the lot, piece or parcel of the land aforesaid, and that every of them, their and every of their heirs, executors and administrators or assigns, may from henceforth severally have and enjoy, without any impeachment or disturbance of the other of them, his or their heirs, executors, administrators, or assigns, his and their portion and part of said lot, piece or parcel of land aforesaid, the said Robert C. Lovitt and Henry C. Lovitt, by their own mutual consent and agreement, have made partition and division, and by these presents do make partition and division of the said lot, piece or parcel of land aforesaid in manner and form as hereinafter mentioned." The deed then declares that Henry shall have for his part a certain portion of the land, and Robert shall have for his part the other portion, describing each, and then follows the covenant that neither of them, nor any person who claims under either, shall disturb the other in the possession and enjoyment of the part allotted him.

There is no conveying clause in the deed. Nothing in it to show that either party contemplated acquiring any title or

interest from the other, or that either intended to acquire any new rights by it. Its whole purpose was to regulate the manner in which their existing rights (as they understood them) should be held and enjoyed, and neither party lost anything by the deed except the right to hold the property in common, and neither gained anything except to hold the interest claimed by him in severalty. *Dawson* v. *Lawrence,* 13 Ohio 513; *Davis* v. *Agnew,* 67 Texas 206.

We do not think that the doctrine of estoppel relied on by the appellants has any application to a case like this. It is well settled that a grantor is estopped to claim a title which he has afterwards acquired, not only when there is a warranty but also where the deed of conveyance recites or affirms, expressly or impliedly, that the grantor is seized of a particular estate, which the deed purports to convey and upon the faith of which the bargain was made. *Nye* v. *Lovitt* and cases cited, *supra.* But the deed in this case, as we have seen, does not purport to convey anything; there was no bargain made for the purchase or sale of any interest.

The parties claiming under Henry Lovitt are not asserting any claim to the land allotted to Robert. They are only asking that they may be permitted to hold the portion allotted to Henry, and be quieted in their possession.

The result of upholding the appellants' contention would be to allow them to remain in possession of one-half of the land allotted to Robert in the attempted partition, to which they have no title whatever, and thus compel those who claim under Henry to surrender to Mary D. Lovitt and Hattie L. Land one-half of the land allotted to Henry, so that he or those who claim under him would only get one-fourth of the "Brambleton Property" instead of the one-half which he took under the deed of January 7, 1865. In other words, to apply the doctrine of estoppel in this case as asked for by the appellants, would deprive those who claim under him that had good title of one-half of his interest, and would allow those who claim under him who had no title to hold the other half.

As was said in the case of *Davis* v. *Agnew, supra,* where this question arose in construing the effect of a deed of partition *with full warranty*: "Rules upon this subject have been adopted to sustain rights and to prevent injustice; but no technical application of them can be made for the purpose of creating rights where none exist, and to perpetuate a wrong."

We are of opinion that the decree complained of is clearly right, and should be affirmed.

*Affirmed.*