Lang v. Coil.

---

LIBBIE E. LANG, APPELLEE, v. ROSA LEE COIL, APPELLANT.

FILED DECEMBER 15, 1919. No. 20572.

Partition: CONTRACT: CONSTRUCTION. A contract between two heirs, by which a conveyance was to be made by A. of the shares of all the heirs in certain lands except that of B. to B., and by B. of her share in certain other tracts of the inherited land to A. by warranty deed, does not require a better title to be conveyed than that held by their intestate. The covenants of warranty relate to the title to the shares, and not to the title to the land.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*E. D. Crites* and *F. A. Crites,* for appellant.

*J. E. Porter, contra.*

LETTON, J.

Plaintiff and defendant, Rosa Lee Coil, were two of the heirs to the estate of one McLain, a nonresident who

died intestate, leaving certain lands in Nebraska. Plaintiff acquired by purchase from all the other heirs, except the defendant Coil, their entire interest and estate in all of the Nebraska land. By a written agreement between plaintiff and defendant, it was provided that plaintiff and her husband would, "on or before the 1st day of March, A. D. 1913, and as soon as they shall obtain deeds in form from the other heirs and the widow of said deceased, before that time, convey by a good and sufficient warranty deed *all of said shares,* including their own, to the said Rosa Lee Coil in and to the following described land." (Here follows legal description.) In consideration of said grant, the said Rosa Lee Coil and her husband agreed that they would on the 1st day of March, 1913, pay to Libbie E. Lang the sum of $3,200 in cash, and would execute and deliver to her "a good and sufficient warranty deed *of the undivided share and portion* of the said Rosa Lee Coil as an heir at law of said deceased in and to the following described land belonging to said deceased at the time of his death, to wit: (Description follows.) The delivery of said deed and the payment of said money to be concurrent with the delivery of the deed hereinbefore stipulated for by the said Libbie E. Lang and husband, both of said deeds to carry a good and indefeasible title *to the shares of said parties* in and to the lands and interests therein purported to be conveyed."

The petition alleges that, shortly after plaintiff secured the deeds from the other heirs mentioned, she tendered her warranty deed to Rosa Lee Coil to the property agreed to be conveyed to her, but she refused to accept it, claiming that there was some defect in the title; that plaintiff remedied the defects suggested, and again tendered the warranty deed and demanded compliance with the contract, but defendants still refuse to accept the deed or pay the consideration. The answer pleads that defendants have kept the covenants and conditions of the contract; that the parties have each enter-

ed into possession of the lands to be received by them; that plaintiff contracted that the title to the land to be conveyed to defendants should be a good and indefeasible one; that it was known and understood that the titles were defective, and that it would be necessary for plaintiff to quiet the title to some of the lands; that plaintiff at the time she tendered the deed did not have, and does not now have, a good and indefeasible title to the land, or any part thereof; that administration was taken out on the estate of McLain, but has never been completed; that the title of the plaintiff and the heirs at law is subject to the debts of the deceased; that there exists unpaid claims in the sum of $250 and more, but no decree of heirship has ever been entered; and also alleging other flaws in the titles; that defendants are, and always have been willing "to receive said conveyances and to pay said moneys upon being tendered good and sufficient warranty deeds conveying a good and indefeasible title of record in said lands."

The reply denies every allegation of new matter in the answer. A supplemental petition pleads the settlement of the McLain estate, and an order of distribution to the heirs made on October 15, 1917. The court found upon the pleadings for the plaintiff, rendered judgment accordingly, and defendant appeals.

The question presented is, whether the contract requires that a perfect title to the lands be conveyed by plaintiff. Defendant argues that, in the absence of an express provision indicating the character of the title provided for by a contract of sale of real property, the implication is that a good and marketable title in fee simple is intended, and that the contracts required that "a good and indefeasible title" be conveyed by "good and sufficient warranty deeds." Plaintiff insists that the contract was not to convey a good and indefeasible title to the lands by warranty deed, but it was to convey a good and sufficient title to the respective

shares of the parties in the lands in Nebraska belonging to the McLain estate, and that defendant is only entitled to title such as the heirs inherited.

We believe the latter to be the proper construction of the contract. These heirs were undertaking to partition the lands by agreement. Plaintiff only agreed to convey the shares obtained from other heirs, together with her own, to the defendant, and defendant only agreed to convey her share to plaintiff. The contract provides: "Both of said deeds to carry a good and indefeasible title *to the shares* of said parties in and to the lands therein purported to be conveyed." The obligation rests alike on each of the parties.

In our opinion the deed tendered more than fulfils the the obligations of the contract. We find no error in the judgment of the district court.

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.