EDWARDS *v.* BATES ET AL.

[No. 10,934.    Filed April 27, 1923.]

1. PARTITION.—*Partition among Cotenants by Deeds.—Effect.—* A mere partition of land among cotenants by the exchange of partition deeds, without any consideration other than the mutual agreement to divide their interests, does not vest in the grantees of such deeds any additional title or estate in the land partitioned, but the partition thus made merely severs the unity of possession, although the deeds were deeds of general warranty. p. 584.

2. PARTITION.—*Partition Deed from Tenants in Common to Husband.— Cotenant Holding Life Estate.— Estate Created.—* Where testator bequeathed a life estate to his wife, with one third of the remainder to each of two daughters, and the re-

maining third to a third daughter for life with the remainder to her issue, if any, and, after testator's death, the widow and daughters entered into a partition agreement providing for the partition of the land among the daughters, and, without any consideration except the mutual agreement to partition their respective interests, made warranty deeds to one another, except that the land allotted to the third daughter was, at her request, conveyed to her husband, the conveyance to her husband did not divest the third daughter of her life estate in the land, since no part of her estate could have been conveyed by the other two daughters, and hence any interest acquired by the husband terminated at his wife's death.  p. 584.

3. WILLS.—*Construction.*—*Rule in Shelley's Case.*—The rule in Shelley's Case is the law in Indiana, and, in all cases where it is applicable, it will be strictly enforced; but, since its operation must frequently defeat the intention of a grantor or testator, its operation will be circumscribed within the strict limits of its own boundary.  p. 585.

4. WILLS.—*Construction.*—*Rule in Shelley's Case.*—*Operation.*— The rule in Shelley's Case is never so strictly enforced in case of wills as of deeds.  p. 585.

5. WILLS.—*Construction.*—*Rule in Shelley's Case.*—*Application.* —*Intention of Testator.*—The rule in Shelley's Case is not to be used as a device to discover the intention of the testator, but is only applied after his intention has been ascertained, when, by its own force, it unites in the ancestor any estate which his heirs are to take as such after a precedent estate given to him, no matter what the purpose of the ancestor may have been.  p. 585.

6. WILLS.—*Construction.*—*"Issue."*—In the absence of explanatory words showing that the word "issue," when used in a devise, was used in a restrictive sense, it will be construed as a word of limitation, but if the language of the will in which the word is used shows that it is to be applied only to children or descendants of a particular class, it will be construed as a word of purchase, and not of limitation, in order to effectuate the intention of the testator.  p. 586.

7. WILLS.— *Construction.*— *"Children."*— In its primary sense, the word "children," when used in a devise, is always a word of purchase, and not a word of limitation.  p. 586.

8. WILLS.—*Construction.*—*Words of Purchase.*—*"Issue."*—*"Children."*—*Rule in Shelley's Case.*—*Applicability.*—Where testator devised his estate to his wife for life, with one-third of the remainder to a daughter upon the death of the wife, and further provided that, should such daughter "have lawful issue alive at the time of her death, the estate hereby bequeathed

to her during her natural life, shall go to such of her lawful issue as may then be living," and that on her death without "children surviving her," the remainder should go to other named persons, the daughter received merely a life estate, since the words "issue" and "children" were words of purchase and not of limitation, the rule in Shelley's Case having no application. p. 587.

9. PERPETUITIES.— *Devise.*— *Construction.*— *Statutes.*—A devise to a wife for life with a remainder over to her issue alive at the time of her death, *held* not to suspend the power of alienation in violation of §3998 Burns 1914, §2962 R. S. 1881. p. 587.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Houston Bates and others against Simpson Edwards. From the judgment rendered, the defendant appeals. *Affirmed.*

*G. W. Buff, Hays & Hays* and *A. G. McNabb,* for appellant.

*John W. Lindley* and *Charles H. Bedwell,* for appellees.

REMY, P. J.—On July 27, 1896, John W. Price being the owner of 328 acres of farm lands, including the tract in controversy, executed his last will. By item one, he directed the payment of his debts. By item two, all of his property both personal and real that remained after the payment of his debts he gave to his wife, Susanna Price, "to have and to hold, use and enjoy during the term of her natural life." By items three, four and five he made provision for his three daughters, Frances M. Allen, Cynthia A. Bates and Mary Emily Edwards. These three items of the will are as follows:

"3. At the death of my wife Susanna Price, I give, devise and bequeath to Frances M. Allen the one-third of all my estate real and personal that may remain or exist at the death of my said wife. Should the said Frances M. Allen die before the death of my said wife, then and in that event the es-

tate hereby bequeathed to her shall go to her children, they being my grandchildren.

"4. At the death of my wife Susanna Price, I give, devise and bequeath to Cynthia A. Bates, the one-third of all my estate real and personal that may remain or exist at the death of my said wife. Should the said Cynthia A. Bates die before the death of my said wife then and in that event the estate hereby bequeathed to Cynthia A. Bates shall go to her children they being my grandchildren.

"5. At the death of my said wife Susanna Price, I give, devise and bequeath to my daughter Mary Emily Edwards, the one-third of my estate, real and personal, that may remain or exist at the death of my said wife, to have and hold during the term and period of the natural life of the said Mary E. Edwards, should she die without lawful issue. Should she the said Mary E. Edwards have lawful issue alive at the time of her death, then the estate hereby bequeathed to her during her natural life; shall go to such of her lawful issue as may then be living. If at the death of the said Mary E. Edwards she leaves no children surviving her, then and in that event the estate hereby bequeathed to said Mary E. Edwards shall go to the said Frances M. Allen and Cynthia A. Bates in equal parts and should they or either of them be dead at that time, then the share that would have gone to them or either of them if alive, shall go to their children they being my grandchildren."

By the remaining item, the testator named his executor.

In September, 1896, following the execution of the will, John W. Price died leaving the above named persons as his widow and only children. The will was probated, and in October of the same year, having elected to take under the will, the widow and the three daughters made a settlement among themselves by which they agreed that the lands devised to them by the will should be partitioned among the three daughters; and, to carry out the agreement, the daughters, without any consideration except the mutual agreement to partition their

respective interests as devised to them by the will, made warranty deeds of conveyance to one another, their husbands joining in the deeds, except that upon the request of Mary Emily Edwards the portion of the land allotted to her by the partition agreement was by the warranty deeds of her sisters and their husbands conveyed to her husband Simpson Edwards who is the appellant herein. The land described in the deed to Simpson Edwards consisted of a tract of eighty acres, and is the land here in controversy. After the partition, and prior to the death of Susanna Price, Frances M. Allen and Cynthia A. Bates both died intestate, the latter leaving Ella Bates Curtis, Medford Bates, Huston Bates, Wesley Bates, Nellie Bates McKinley and Frank Bates her surviving children, and Ada Bates and Luemma Bates her grandchildren, they being children of a deceased son. Mary Emily Edwards died after the death of her mother Susanna Price, and after the death of her sisters, without surviving children, never having had any children born to her. After the death of Mary Emily Edwards, her widower, Simpson Edwards, appellant herein, claimed to be the owner of all that portion of the lands of which John W. Price died seized, which by the agreed partition had been allotted to his wife, and which by such partition, at the request of his wife, had been set off to him. At the time of the partition, two of the three children of Frances M. Allen being of full age conveyed to Simpson Edwards by warranty deed any interest they had in the real estate devised to Mary Emily Edwards, which by the partition was set off to appellant. Thereafter, and before the commencement of this suit, the remaining child of Frances M. Allen having become of age conveyed to appellant by warranty deed any and all interest he had, in the real estate claimed by appellant. After the commencement of this suit, Med-

ford Bates, one of the children of Cynthia A. Bates, for a valuable consideration, conveyed to appellant all interest he had in the real estate in controversy.

The surviving children of Cynthia A. Bates, asserting that they were the owners and entitled to possession of the undivided one-half of the real estate claimed by appellant, commenced this suit against appellant for partition and to quiet title. Appellees, Ada Bates and Luemma Bates, were made parties defendant to answer as to any interest they might have in the land.

The court found the above facts, and stated its conclusions of law thereon in favor of appellees. By its conclusions of law the court, in effect, held: (1) That item 5 of the will of John W. Price gave to Mary Emily Edwards a life estate in the undivided one-third of the real estate devised by the will, such life estate to commence at the termination of the life estate devised to Susanna Price; (2) since Mary Emily Edwards died without issue, after the death of Cynthia A. Bates, the children of Cynthia A. Bates took, under item 5, the undivided one-half of the real estate devised by item 5 for life; (3) under item 5, Mary Emily Edwards took no interest in the real estate devised to her which descended to her husband; (4) the partition deeds of Frances M. Allen and Cynthia A. Bates and their husbands gave to Simpson Edwards no interest in the land conveyed except for and during the lifetime of his wife Mary Emily Edwards; (5) now that his wife is dead, the interest of appellant in the land in controversy consists only of the portion conveyed to him by the children of Frances M. Allen, and that conveyed to him by Medford Bates; (6) that Ada Bates and Luemma Bates have no interest in the land; and (7) that appellees Huston Bates, Ella Bates Curtis, Wesley Bates and Nellie Bates McKinley are the owners and entitled to pos-

session of the undivided four-tenths of the eighty acres of land in controversy.   Judgment was rendered in accordance with the court's conclusions.

Appellant's exceptions to the conclusions of law present the only errors assigned, and not waived.

It is well settled that a mere partition of land among cotenants by the exchange of partition deeds, without any consideration other than the mutual agree-

1. ment to divide their interests, does not vest in the grantees of such deeds any additional title or estate in the land partitioned.   The partition thus made merely severs the unity of possession.   *Dodd* v. *Shanton* (1910), 45 Ind. App. 377, 90 N. E. 1041; *McKern* v. *Beck* (1920), 73 Ind. App. 92, 126 N. E. 641; *Cottrell* v. *Griffiths* (1901), 108 Tenn. 191, 65 S. W. 397, 57 L. R. A. 332, 91 Am. St. 748; *Berry* v. *Seawall* (1895), 65 Fed. 742, 13 C. C. A. 101; *Carter* v. *Day* (1898), 59 Ohio St. 96, 51 N. E. 967, 69 Am. St. 757. The fact that the deeds exchanged by cotenants in effectuating an agreed partition are deeds of general warranty does not change the rule.   *Davis* v. *Agnew* (1887), 67 Tex. 206, 2 S. W. 43, 376; *Chace* v. *Gregg* (1895), 88 Tex. 552, 32 S. W. 520; *Lang* v. *Coil* (1919), 104 Nebr. 15, 175 N. W. 657.

At the time the partition deeds were executed, Mary Emily Edwards was vested of whatever title or estate was devised to her by the will, and no part of her

2. title or estate was, or could have been, conveyed by the partition deeds executed by her sisters. They did not have it to convey.   The deeds of Mary Emily Edwards and husband to the sisters were not conveyances of the interest devised to Mary Emily Edwards, but amounted merely to a consent on the part of herself and husband that the grantees might take certain portions of the land as their respective shares in the partition · and, since Mary Emily Edwards did

not join, and under the law could not have joined, in the deed to her husband, therefore, the partition as it was carried out did not divest Mary Emily Edwards of her interest in the land.   Whatever interest was vested in her by the will continued in her till her death.   *Carson* v. *Carson* (1898), 122 N. C. 645, 30 S. E. 4; *Palmer* v. *Alexander* (1901), 162 Mo. 127, 62 S. W. 691; *Yancey* v. *Radford* (1890), 86 Va. 638, 10 S. E. 972.   It necessarily follows that Simpson Edwards as grantee in the partition deeds received no greater interest than would have been conveyed to his wife had the deeds been made to her; and, if the will gave to his wife but a life estate in the land devised to her, then the interest of appellant in the land in controversy which came to him by and through the partition deeds from Frances M. Allen and Cynthia A. Bates and their husbands terminated at his wife's death.

It is urged by appellant with much earnestness, however, that under the will his wife took a fee, and not a life estate, in the land devised to her, and that he being the only heir of his wife, the fee at her death came to him by descent.   The contention is that under item 5 of the will the fee of the real estate devised was vested in Mary Emily Edwards for two reasons:   (1) That the rule in Shelly's Case, 1 Coke 88, applies; (2) that the limitation over to "such of her lawful issue as may be living," etc., suspends the power of alienation, in violation of §3998 Burns 1914, §2962 R. S. 1881, and is, therefore, void.

The rule in Shelly's Case is the law of this state, and in all cases where it is applicable it will be enforced; but, since its operation must frequently defeat 3-5.   the intention of a grantor or testator, the courts of this state, as in other jurisdictions, are inclined to circumscribe its operation within the strict limits of its own boundary.   *McIlhinny* v. *McIlhinny* (1894),

137 Ind. 411, 37 N. E. 147, 24 L. R. A. 489, 45 Am. St. 186. The rule is never so strictly enforced in case of wills as of deeds. *Ridgeway* v. *Lanphear* (1885), 99 Ind. 251, 254. The rule is not to be used as a device to discover the testator's intention. "It is only applied after his intention has been discovered, when, by its own inexorable force, it unites in the ancestor any estate which his heirs are to take as such, after a precedent estate given to him, no matter what the purpose of the testator may have been." *Conger* v. *Lowe* (1890), 124 Ind. 368, 373, 24 N. E. 889, 890, 9 L. R. A. 165n.

The testator, in the item under consideration, gave to Mary Emily Edwards a life estate, but provided that if she "have lawful issue alive at the time of her death," then the estate devised to her for life should "go to such of her lawful issue as may then be living;" that if she "leaves no children surviving her," then the estate to go to the other daughters of testator, or if they be dead to their children. In the absence of explanatory words showing that the word "issue," when used in a devise, was used in a restrictive sense, it will be construed as a word of limitation. *Allen* v. *Craft* (1887), 109 Ind. 476, 481, 9 N. E. 919, 58 Am. Rep. 425. If, however, the language of the will in which the word "issue" is used shows that it is to be applied only to children or descendants of a particular class, it will be construed as a word of purchase, and not of limitation, in order to effectuate the intention of the testator. *Robins* v. *Quinliven* (1875), 79 Pa. 333. In its primary sense, the word "children," when used in a devise, is always a word of purchase, and not a word of limitation. *Nelson* v. *Davis* (1871), 35 Ind. 474; *Sorden* v. *Gatewood* (1848), 1 Ind. 107.

It will be observed that in the will under consideration, the devise was not to Mary Emily Edwards for life,

and then to her issue. The devise was to such of
8.   her lawful issue as might be living at her death.

The words "lawful issue" so used necessarily re-
fer to persons, and are not words of limitation describ-
ing the character of the estate devised. There can, how-
ever, be no doubt as to the sense in which the testator
used the words "lawful issue" when they are read in
connection with the last sentence of item 5 where he
uses the word "children." The case of *Burton* v. *Carna-
han* (1906), 38 Ind. App. 612, 78 N. E. 682, is cited as
upholding the view that the rule in Shelly's Case is ap-
plicable. To say the least, that case carries the rule to
the extreme limit. The rule, though applied, is not dis-
cussed. The Burton case may, however, be distin-
guished from the case at bar, in that in that case the
limitation over upon the death of devisee for life "with-
out issue of her body living" was to "her brother and
sisters," and the "descendants of such as may be dead,"
which would in fact be her heirs. We hold that the
rule in Shelly's Case has no application.

The devise in item 5 of the will does not suspend the
power of alienation in violation of the statutory rule
       of this state. All devisees who by any possibility
9.   could take were, at the time of the testator's
       death, and at all times thereafter, in being, ex-
cept the contingent remaindermen described as the pos-
sible issue of Mary Emily Edwards, and they would, of
necessity have to be alive at her death. That does not
contravene the statute. §3998 Burns 1914, *supra;*
Page, Wills §631.

The intention of the testator, as expressed by item 5
is not in doubt. He intended that after the termina-
tion of the life estate which by item 2 of his will he had
devised to Susanna Price, then his daughter Mary Emily
Edwards should have a life estate in the undivided one-

third of his real estate, and that if she should leave a child or children, the fee to go to them. If, however, at her death she should have no living child or children the fee was to go to her sisters if living; but if they or either of them should not be living, then to their children.

Mary Emily Edwards having survived her mother, she came into possession of, and held, the life estate until her death; and, since she survived her sisters, and died childless, the fee of the undivided one-half of the one-third devised to Mary Emily Edwards for life became absolute in the children of Cynthia A. Bates. It follows, as found by the trial court, that the only interest appellant has in the undivided one-half of the real estate devised by item 5 which was to go to Cynthia A. Bates or her children, if Mary Emily Edwards died childless, is that which was conveyed to him by Medford Bates.

The court found and adjudged that Ada Bates and Luemma Bates had no interest, and from the judgment they have not appealed. It will not, therefore, be necessary for us to review the holding of the court in that regard.

No children of Frances M. Allen were parties to the suit in the trial court, and none in this court. It would seem from the record that they are making no claim to any part of the land in controversy, but are treating, and desire to treat, the warranty deeds executed by them as having conveyed to appellant any interest they had in the real estate at the time the deeds were executed, or which they may have acquired thereafter. It is not, therefore, necessary for us to decide whether or not the deeds conveyed their after-acquired interests.

We find no error.

Affirmed.