**TERRELL,** Plaintiff-Appellant v. **WARDLAW,** Defendant-Appellee.

Court of Appeals, Second District, Franklin County.

No. 3675.   Decided March 8, 1944.

Bannon & Bannon, Portsmouth, for plaintiff-appellant.
Arnold, Wright, Purpus & Harlor and Earl F. Morris, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

This is an appeal on questions of law from a judgment in behalf of the defendant.

The action was to recover the sum of $1029.86 paid by the plaintiff to the defendant for legal services rendered by him for her on a written contract between the parties, of date Oct. 27, 1937. By the contract the defendant agreed to act as attorney for plaintiff on her claim No. 1419892 then pending before the Industrial Commission of Ohio.

As consideration for the services rendered by the defendant it was agreed first, that the plaintiff would pay to the defendant "for services before the Industrial Commission rendered before and after any appeal to Court, a sum equal to thirty per cent of whatever amount may be received on said claim", and, second, should it become necessary to appeal said claim to the courts, the first party should also "be entitled to receive from the Industrial Commission any fee allowed as costs by the Court as provided under §1465-90 GC for legal services on appeal".

Plaintiff claimed that there was no consideration for the contract.

By answer defendant set up two defenses, first, a general denial of want of consideration for the contract, and, second, that the sum prayed for was paid by the plaintiff to the defendant voluntarily under claim of right to the payment, with full knowledge of the facts by the plaintiff, without fraud, coercion or deceit, at times when plaintiff had available to her any and all defenses against enforcement of payment thereof to which she might be entitled either at law or in equity.

Plaintiff by reply denied the averments of the second defense.

A jury was waived by the parties and the cause submitted to the trial judge who made a general finding for the defendant and entered judgment thereon.

Five errors are assigned, all of which may be encompassed under the general claim that, as a matter of law and under the facts, the defendant is not entitled to the judgment.

Some essential facts appearing are, that plaintiff's husband suffered an injury for which he claimed compensation

from the Workmen's Compensation Fund. Defendant represented this claimant whose claim was denied, application for rehearing interposed and his testimony taken on the rehearing which testimony became vital to the claim eventually made by the plaintiff. A contract covering the proposed agreement between the husband, claimant and counsel was forwarded to him and by him signed and returned. Before action by the Commission on claimant's application for rehearing, he died, which resulted in the necessity that plaintiff's interest be protected upon her accruing claim for an award by reason of her husband's death. The contract in question in this appeal is identical with that signed by her husband and was sent to plaintiff at her home in Portsmouth, signed by her and returned to the defendant. It was witnessed by plaintiff's son.

It is the claim of defendant which is supported by testimony in his behalf, that the terms of the contract were fully explained to the plaintiff. He entered upon his services under the contract and they extended over a period of more than two and a half years. The Commission denied plaintiff's claim on hearing and on rehearing. An appeal was prosecuted to the Common Pleas Court of Scioto County resulting in a verdict for the plaintiff. The Court fixed counsel fees for the defendant and associate counsel, whom defendant associated with him and, thereafter, pursuant to the judgment of the Common Pleas Court, the Commission made an award of $2000.00 to the plaintiff and allowed attorney fees under the court order in the sum of $277.80. The check for plaintiff's compensation in full was made to the plaintiff from which defendant took 30% thereof, or $600.00, the amount to be paid to him under his contract, and gave his check to the plaintiff for the balance. Thereafter defendant made application for and secured a further award to plaintiff based upon an increase in average minimum weekly wage which was allowed, in the sum of $1432.36 from which sum 30% thereof was paid to defendant. On this last award the Commission made a further allowance to defendant and his associate counsel for legal services of 10% thereof, or $143.29. Counsel made some further investigation as to the possibility of a further award to the plaintiff, but no formal application was made thereon in her behalf, although there were some services performed in that connection.

Defendant offered testimony, as upon quantum meruit, as to each item of services performed by him on behalf of the plaintiff during the progress of her claim from the time that

she applied to the Commission until his services were terminated, excepting therefrom his services on the appeal. Later, and after the defendant and his associate had been paid the fee awarded by the Court and the allowances made by the Industrial Commission for services performed, as hereinbefore stated, plaintiff filed an application with the Commission to fix a fee for the defendant and his associate. The purpose of this application, which is not before us, as we take it, was to determine whether or not the defendant and associate were entitled to any other and further fee than allowed to them by the Court and by the Commission. The defendant was present at one hearing when this matter came up before the Commission and filed a brief. The Commission held that the fee paid to defendant upon the order of the Court on appeal was a reasonable fee for any and all legal services rendered. No comment was made respecting the allowance made for fees for services performed in the claim before the Commission. Succeeding the action of the Commission plaintiff demanded a return of the money paid to defendant pursuant to the written contract which defendant refused. Thereafter her action was instituted.

Defendant-appellee, in his brief, presents three specific grounds upon which it is urged the judgment may be supported:

1. That the written contract is valid.

2. If the contract is invalid, defendant was entitled to the payment for his services rendered upon quantum meruit.

3. Regardless of the validity of the fee under the contract or in quantum meruit, defendant had a right to retain it because of voluntary payment made to him by the plaintiff as asserted in the second defense of his answer.

The cause is well briefed in this Court and we have given careful attention to the applicable sections of the Code and the authorities cited by both parties.

We approach consideration of this case with an appreciation that we must make every reasonable interpretation of the facts which the law will permit in favor of the judgment. We also recognize that the services rendered by the defendant for the plaintiff, the subject matter of the contract, were ably and skilfully performed. Her interests were carefully protected and in a timely manner. In fact, her counsel was much more solicitous of her welfare than she and at one juncture, but for his prompt attention to her claim she would have been com-

pletely barred of any right to an award. The total sum paid to defendant would not, judged by the ordinary standards of the value of such services, be inordinate nor excessive. If there is any basis in law to support the payments made to the defendant it should be done, especially in the light of the general finding of the trial judge.

However, as we view the question, it is not an open one but has at least as to its principal aspect, been determined by the two leading cases of **Adkins v Staker, 130 Oh St 198,** and **McCamey v Payer, 135 Oh St 660.** These cases, in our judgment, preclude the legal payment for the services contracted for upon any basis set out in the answer of the defendant and urged in his brief.

The cases cited are determinative of the proposition that any and all fees to be paid to attorneys for representation of claimants before the Industrial Commission or the Common Pleas Court on appeal are to be compensated either upon an allowance by the Commission or upon an order of the trial court to which the appeal is taken. Our Supreme Court has unequivocally held that, if other and further compensation is to be awarded to counsel for legal services rendered claimants before the Commission or in the courts, it must be authorized by the Legislature.

The second proposition of the syllabus in Adkins v Staker, is conclusive of the rights of counsel respecting services which they render for claimants incident to their claims before the Industrial Commission:

2. "The disposition of a claimant's compensation, or the fixing of fees payable out of the fund, is not the subject of private contract between a claimant and attorney. Both contributing employers and the state have an interest in the fund and in the terms and conditions upon which payment shall be made therefrom."

And the third and fourth syllabi of this case are pertinent and controlling:

3. "Under the provisions of **Section 1465-90, General Code,** the trial judge has the sole power of fixing attorney fees for legal proceedings authorized by that section and he is limited to a maximum amount of $500. Any contract between claimant

and attorney entailing the payment out of the state fund of a greater fee than that specified is violative of that section.

4. "A contingent contract, whereby an attorney is to receive from a claimant for his services one-half of any award made by the commission, but in the event no award is made the attorney is to receive nothing, is against the public policy declared in our state Constitution and is invalid in law."

In the instant case, counsel received from the plaintiff the sum of $1029.86 from the amount of awards made to her, in addition to the sum fixed for his services in connection with the appeal to the Common Pleas Court and a further sum fixed by the Commission on subsequent proceedings.

It is urged by defendant that neither the Adkins case nor the McCamey decision are controlling of the facts appearing here but that the fee may be supported by **Carson v Beall, 8 O O 272**, and **In re Habant, 18 Oh St 473**. These cases hold that counsel may receive compensation in quantum meruit for services rendered in connection with a claim before the Industrial Commission, independent of the services rendered in court on an appeal after disallowance of the claim on rehearing. The judgment in the Habant case was made pursuant to a request of the Commission. We need express no opinion as to the soundness of these decisions because here we have the further development that the question of the amount of fees that could properly be allowed to defendant for any and all services rendered by the defendant for the plaintiff before the Commission was the subject of consideration in a special proceeding for that purpose before the Commission. In this proceeding, the defendant was notified, participated by brief and the Commission then and there determined that no compensation could be allowed other and further than that which had been awarded to him by the Common Pleas Court on the appeal proceeding. This determination was made by virtue of §1465-111 GC:

"The, Industrial Commission shall have authority to inquire into the amounts of fees charged employers or claimants by attorneys, * * * for services in matters before the Industrial Commission, * * * , to protect parties against unfair fees, and to fix the amount of fees in event of a controversy in respect thereto, * * *."

In our judgment, the Commission had authority upon the facts appearing to determine, under the section heretofore quoted, whether or not the defendant was entitled to the fee collected by him under the contract for any services rendered in behalf of the plaintiff before the Commission in proceedings before or after the appeal, in the light of all the facts appearing. This determination was final and could only be questioned or set aside by an appropriate action directed to the order of the Commission respecting the allowance of further fees to the defendant.

It is urged that distinction may be made between Adkins v Staker and the McCamey cases and the instant cause. In the Adkins case the trial court made separate findings of fact and law among which, it appeared, that at the time the contract was entered into, the defendants did not advise the plaintiff that the law provided for the payment of attorney fees out of the State Insurance Fund, * * * . And that "defendants concealed from the plaintiff the fact that the Industrial Commission had awarded them $195.60 for their services as attorneys in plaintiff's behalf * * *. And "that the plaintiff's claim before the Industrial Commission did not call for any extraordinary services nor was its prosecution difficult or unusual in the court."

In all of these instances the trial court in this case may have made, and probably did make, findings inconsistent with the facts determined in the Adkins case. However, in the Mc-Camey case there not only was a written contract before the trial court providing for the payment of the disputed fees to the attorney, but further, at the time of the payment of these fees, a release was signed and executed by the claimant, the effect of which justified the finding that the claimant was fully conversant with all of her rights when the fee was paid to her counsel. In both cases the contract covered services before the Court as well as before the Commission. It will be noted that the answer of the defendant in the McCamey case set up all of the claims here urged by the defendant and the trial judge held with the defendant. In the situation thus presented, the Supreme Court reversed the judgment upon the authority of the Staker case, and at page 665 of the opinion said:

"The members of this court recognize the validity of contingent fee contracts generally and appreciate the fact

that there is something to be said from a practical standpoint for their sanction, assuming their reasonableness in workmen's compensation cases where an attorney works diligently, capably and successfully for his client; but we cannot escape the inhibitions contained in our organic and statutory law by approving a contract of the type presented in the instant case, ignoring as it does the existing statutory expressions as to attorney fees. If contingent fee contracts, whereby an attorney is to receive a substantial part of any award made, are to meet approval in Ohio, the General Assembly is the agency, under the Constitution, to say so."

The plea of voluntary payment was also urged in the Staker case.

We are cited to an opinion of the Court of Appeals for Muskingum County, Ohio, unreported, No. 625, decided Dec. 17, 1941, Clarence Mayle v. Clarence A. Graham et al., wherein the Court supported a judgment entered upon a verdict of a jury in favor of a defendant for compensation for legal services performed for a claimant before the Industrial Commission, which sum was in addition to an allowance made to counsel in the Common Pleas Court for services rendered in that Court upon appeal. It is stated in the opinion that,

"Neither this McCamey case nor the previous case of **Adkins v Staker, 130 Oh St 198,** goes so far as to hold that counsel may not recover for service before the Industrial Commission or before the Court of Appeals."

We are in accord with the conclusion that these cases do not expressly hold that the services allowed by the trial judge under §1465-90 GC cover services rendered by counsel before the Industrial Commission preliminary to or succeeding the appeal provided by that section or that such allowance includes services rendered by counsel on appeal in courts superior to the Common Pleas Court.

As to the scope of the allowance of attorney's fees by the trial judge in the appeal, we do not agree.

Section 1465-90 GC is a comprehensive section and it will be noted that it includes all proceedings incident to a claim for compensation on account of injury or death resulting therefrom from the time that the Commission first denies the right

of the claimant to receive compensation * * * and follows through with the proceedings incident to the application for the rehearing, the conduct of the rehearing, the proceedings incident to the appeal, the filing of the petition in the Common Pleas Court, and the procedure in that Court as to the trial on the appeal, the action to be taken in the event of the finding of the Court or verdict of the jury of claimant's right to participate * * * and then specifically provides:

"Either party in any of such proceedings shall have the right to prosecute error as in the ordinary civil cases."

And further,

"The cost of any legal proceedings, **authorized by this section,** including an attorney's fee to the claimants to be fixed by the trial judge, shall be taxed against the unsuccessful party." (Emphasis ours.)

This section specifically provides the right to either party to prosecute an appeal from a judgment of the Common Pleas Court. Thus, these services are in legal contemplation to be performed and they are proceedings authorized by the section, and may and should properly be taken into consideration by the trial court in fixing the total fees to be awarded to the attorney under the section. Any and all fees earned by counsel on behalf of claimant under §1465-90 GC including appeal to the Court of Appeals or the Supreme Court are plainly incorporated within the express terms of the statute. The principle is not invoked here because there was no error prosecuted from the judgment in the Common Pleas Court.

In this case, under the applicable sections of the Code and the plain import of Adkins v. Staker and the McCamey cases, we can find no basis to support the judgment here under consideration and it will, therefore, be reversed and judgment entered in this Court for plaintiff in the sum prayed and cause remanded to the Common Pleas Court for further proceedings according to law.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.