504

5-2315                                        345 S. W. 2d 604

Opinion delivered April 24, 1961.

[Rehearing denied May 22, 1961.]

*Spencer & Spencer,* for appellant.

*Wayne Jewell,* for appellee.

GEORGE ROSE SMITH, J. In 1951 Willie Johnson and
the appellee Ernest Ford voluntarily partitioned a 38-
acre tract by an exchange of warranty deeds. Two years
later the appellant, C. G. Johnson, purchased from Willie
the part that had been set aside to him. In 1959 the
appellant brought this suit for a reformation of the
partition deeds, asserting that the parties had intended
to divide only the surface interest but that by mistake
the minerals had also been conveyed. The chancellor
dismissed the complaint for want of equity, holding that
the proof of mutual mistake was not sufficiently clear
and convincing and that the plaintiff was barred by
laches. Although the appellant insists that the chancellor
erred in denying reformation we do not reach that issue,
for in our opinion the deeds actually conveyed only the
surface interest and had no effect upon the mineral
ownership.

The 38-acre tract was formerly owned by A. H. Hadley, whose title passed at his death to his three children. One of the Hadley heirs conveyed his undivided one-third interest to Willie Johnson in fee simple. The other two Hadley heirs conveyed their undivided two-thirds interest to Ernest Ford, but in that deed the grantors reserved a five-twelfths interest in the minerals.

There is no real conflict in the testimony of Willie Johnson and Ernest Ford with respect to the facts leading to their division of the property. Willie had built a house upon the land and wanted his one third set apart to him. To that end the two men exchanged warranty deeds on June 30, 1951, with Ford purportedly conveying the north one third of the tract to Johnson and with Johnson purportedly conveying the south two thirds to Ford. Both men agree that no money or other collateral consideration was paid by either party.

In bringing suit to reform the deeds the appellant was under the impression that the voluntary partition had fairly divided the surface interest, because it was owned outright by the contracting parties. It was thought, however, that Willie Johnson had been treated unfairly in the exchange of minerals, since the title that he received from Ford was subject to the outstanding mineral reservation in favor of Ford's grantors. The appellant, anticipating a favorable decree in this case, has obtained from Willie Johnson a conveyance of Willie's mineral ownership in the entire 38 acres.

The appellant's construction of the 1951 conveyances overlooks a principle which, as we said in *Hutchison v. Sheppard*, 225 Ark. 14, 279 S. W. 2d 33, applies uniquely to partition deeds. This rule is that "a partition deed conveys or creates no title, but merely severs the unity of possession." Tiffany, Real Property (3d Ed.), § 470. It has been correctly declared with reference to such a deed that "neither party lost anything by the deed except the right to hold the property in common, and neither gained anything except to hold the interest claimed by him in severalty." *Townsend* v.

*Outten,* 95 Va. 536, 28 S. E. 958. Another clear statement of the principle may be found in *Edwards* v. *Bates,* 79 Ind. App. 578, 139 N. E. 192: "It is well settled that a mere partition of land among cotenants by the exchange of partition deeds, without any consideration other than the mutual agreement to divide their interests, does not vest in the grantee of such deeds any additional title or estate in the land partitioned. . . . The fact that the deeds exchanged by cotenants in effectuating an agreed partition are deeds of general warranty does not change the rule."

Other cases applying the principle to partitions involving warranty deeds include *Lang* v. *Coil,* 104 Neb. 15, 175 N. W. 657; *Elledge* v. *Welch,* 238 N. C. 61, 76 S. E. 2d 340; and *Chace* v. *Gregg,* 88 Tex. 552, 32 S. W. 520. In this case we are not called upon to decide to what extent a bona fide purchaser might be bound by the rule in question if a warranty deed in his chain of title should contain no indication that it was executed as part of a partition agreement. Here no one claiming to hold under Ernest Ford has met the burden of proving himself to be an innocent purchaser; so that issue does not arise.

This case is controlled by our decision in *Hutchison* v. *Sheppard, supra.* There we held that where the parties to a partition deed owned two estates in the land, one in common and in the same ratio as the division and the other not in common and therefore not in that ratio, the deed should be construed as a conveyance only of the estate held in common. And that conclusion was reached even though the deed purported to convey. all the grantor's "right, title, interest and claim" in and to the land. The governing rule is obviously both sensible and just, for it prevents either party from gaining an advantage at the other's expense. It follows that the Johnson-Ford partition deeds must be construed as having conveyed only the surface interest, since that was the only estate which the parties owned in common in the same proportion that they sought to achieve by partition.

A decree of reformation is unnecessary, but the case does present a genuine controversy that can appropriately be ended once and for all by the entry of a declaratory judgment. A complaint for some other form of relief may, in the interest of justice, be treated as one for a declaratory judgment. *Culp* v. *Scurlock,* 225 Ark. 749, 284 S. W. 2d 851. That course will be followed here, and since the title to land is involved the cause will be remanded so that a declaratory decree favorable to the appellant may be placed of record.

Reversed.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice, dissenting. As background to my dissent I think it appropriate to briefly sketch the history of the litigation. C. G. Johnson, as grantee of Willie Johnson, brought this suit against Ernest Ford to reform the deeds between Ford and Willie Johnson, ". . . to include a full mineral reservation in accordance with the understanding, agreement, and intention of . . ." Willie Johnson and Ernest Ford, ". . . at the time of the conveyance." In deciding against the plaintiff the Chancellor rendered a well considered written opinion of three typewritten pages; and I quote his conclusions:

"Thus we see that no action was ever brought by Willie Johnson against Ernest Ford, and no action was brought by C. G. Johnson, grantee of Willie Johnson, for several years, and until the payments for oil began to be distributed.

"The court, after giving full consideration to all of the evidence and matters presented, is of the opinion that Plaintiff cannot prevail in this cause because:

"I. In order to reform a deed, the evidence on the part of the party seeking the reformation *must be* 'Clear, convincing, unequivocal, decisive and beyond a reasonable doubt.' (168 Ark. 842.)

"In this case the plaintiff did not know and could not testify with reference to any understanding or agreement

between Willie Johnson and Ernest Ford, back eight years ago, when they divided the property and exchanged deeds. It is admitted that nothing was said about any mineral reservations by the parties or to the scrivener (or attorney) who prepared the deeds.

"II. 'Equity aids the vigilant.' In this cause, as stated before, eight years had elapsed since Ford and Willie Johnson exchanged deeds and six years since Willie Johnson executed his Mineral Deed to Plaintiff. During this time Plaintiff took no action to have the Deeds reformed, and no action was ever taken between the original parties to the exchange of deeds or has ever been taken until the discovery of oil on the property.

"The Court therefore finds that Plaintiff's complaint should be dismissed for want of equity."

On appeal, C. G. Johnson has urged only two points:

"I. The intention of the parties was that mineral ownership should not be disturbed and appellant is entitled to reformation.

"II. The doctrine of laches does not apply to the facts in this case."

The majority opinion is reversing the Chancery decree on some theory of partition that I do not find discussed in the briefs. I regard the majority opinion as an extremely dangerous holding because it will tend to disturb titles in every instance when the property may be found to possess value for oil and gas. The majority opinion says of the deeds between Willie Johnson and Ernest Ford: ". . . in our opinion the deeds actually conveyed only the surface interest and had no effect upon the mineral ownership." I certainly cannot agree with the foregoing quotation. Willie Johnson received a deed from Hadley which conveyed an undivided one-third interest in the thirty-eight acres of land. It was a general warranty deed, with no reservation of mineral rights. Ernest Ford received a deed from the Hadleys to the remaining undivided two-thirds interest in the thirty-eight acres of land, but that deed contained this specific mineral reservation: "The grantors do not sell but reserve to themselves, their

heirs and assigns, an undivided 5/12 of the oil, gas and other minerals in, under and upon the above described land.''

Thus, when Willie Johnson and Ernest Ford met to effect their partition, Willie Johnson owned an undivided four-twelfths interest in both the land and minerals; and Ernest Ford owned an undivided eight-twelfths interest in the surface and an undivided three-twelfths interest in the minerals. By general warranty deed, with no reservation of minerals, Ernest Ford conveyed to Willie Johnson the north 12.8 acres of the thirty-eight acres. At the same time, Willie Johnson, by general warranty deed and with no reservation of minerals, conveyed to Ernest Ford the south 25.2 acres of the thirty-eight acre tract. There is not one word in either of the deeds that shows it was a partition deed, or that there was any reservation of minerals.

We have a long line of cases in Arkansas which hold that a deed accurately describing the land and without reservation includes the minerals as well as the surface. In *Long Prairie Levee Dist.* v. *Wall*, 227 Ark. 305, 298 S. W. 2d 52, we said: ''The land, as we have said, was accurately described, and such an unqualified description includes the minerals as well as the surface. *Osborne* v. *Ark. Ter. O. & G. Co.*, 103 Ark. 175, 146 S. W. 122; *Maloch* v. *Pryor*, 200 Ark. 380, 139 S. W. 2d 51.'' So I insist that these deeds between Willie Johnson and Ernest Ford by law carried the minerals as well as the surface. To hold otherwise is to cast a doubt on our holdings in the three cases just mentioned, and also will tend to disturb titles in every instance when the property is found to possess value for oil and gas. For this reason alone, I think the majority should find some other reason for reversing the Chancellor, rather than the one assigned in the opinion.

The majority bases its holding on some language in *Hutchison* v. *Shepherd*, 225 Ark. 14, 279 S. W. 2d 33, wherein each tenant owned an undivided life interest and also each had a possibility of inheriting an unvested remainder. In that case the Court held that the partition deeds merely partitioned the vested life estate and had no

application to the possibility of unvested remainder. The Court said, *inter alia*: ''The law sensibly holds that when co-tenants simply agree upon a division of the common property with no independent consideration being paid, their purpose is taken to be the severance of the unity of possession rather than the creation of a new estate in either party.'' That holding was correct in that case, because the parties *then* had only vested life estates.

I maintain that the holding in *Hutchison* v. *Shepherd, supra,* has no application to the case at bar because, here, Willie Johnson and Ernest Ford were tenants in common, both to the surface and to the minerals.[1] When Willie Johnson and Ernest Ford exchanged the general warranty deeds between themselves, they were tenants in common *both as to surface and minerals;* and the general warranty deeds conveyed all the interest that each had. I think it is an unreasonable and undue extension of the holding in *Hutchison* v. *Shepherd* to apply it to the case at bar.

It has been said that, ''Hard cases make bad law''; and the case at bar is a splendid example of that statement. Here, the net result of the transaction was for Ernest Ford to get a considerable portion of the minerals that Willie Johnson owned. Willie Johnson and his grantee could have sued for breach of warranty within the proper time, or they could have proceeded to offer more evidence of fraud or mistake. But, in the absence of such, the majority opinion in the case at bar, in order to keep Ernest Ford from getting too much of Willie Johnson's minerals, is applying a theory that does violence to our holdings on unqualified deeds conveying minerals. It would be far better for the majority to find some other theory on which to reverse the case, rather than to do violence to the rules on conveyancing.

I respectfully dissent from the majority holding.

---

[1] Of course, the Hadleys were also tenants in common with them regarding the minerals.