ROBINSON *v.* KEATON

5-3601                                                393 S. W. 2d 231

Opinion Delivered May 31, 1965.

[Rehearing denied September 20, 1965.]

*John W. Moncrief, George E. Pike, Milton G. Robinson, Wm. C. Gibson,* for appellant.

*Fulk, Wood, Lovett, Parham & Mayes,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Milton G. Robinson, an attorney, represented appellee, Earl Keaton, in a claim before the Workmen's Compensation Commission. The Commission allowed the claim in the sum of $2,363.50. In addition, there was an attorney's fee allowed in the amount of $536.25. In the beginning, appellant and appellee had agreed to pool the total amount allowed by the Commission and to divide it equally. This was done, and appellant, therefore, received a fee in the sum of $1,449.25 for representing appellee in his claim before the Commission.

Later, Keaton took up with the Commission the question of whether he had been charged an excessive fee. The Commission was of the opinion that there could be no valid contract for an attorney's fee that was not approved by the Commission; that Ark. Stat. Ann. § 81-1332 (Repl. 1960) is controlling as to the amount of attorney's fee allowable in Workmen's Compensation cases; that the Commission had allowed the maximum fee permitted by statute—$536.25, and since the attorney had collected as a fee $1,449.25, he should refund $913.00 to the claimant. The Commission entered an order to that effect, and further ordered that if the attorney failed to make the refund within thirty days the matter should be certified to the Circuit Court for contempt of court proceedings as provided in Ark. Stat. Ann. § 81-1331 (Repl. 1960).

The attorney, Mr. Robinson, appealed to the Circuit Court. There, after fully considering the entire matter, the court entered judgment for Keaton in the sum of $913.00.

First appellant contends that the Workmen's Compensation Commission did not have jurisdiction to determine whether the contract between the parties that appellant should have as his fee fifty per cent of all sums recovered, is valid, and that, therefore, the Circuit Court in this proceeding did not have jurisdiction.

There is no genuine issue of a material fact. The issue is the applicability of the statute regulating attorney's fees in a case of this kind. In the interest of justice, the proceeding may be treated as one for a declaratory

judgment. *Johnson* v. *Ford,* 233 Ark. 504, 345 S. W. 2d 604; *Culp* v. *Scurlock,* 225 Ark. 749, 284 S. W. 2d 851. There is only an issue of law. Is Ark. Stat. Ann. § 81-1332 controlling as to fees that an attorney may charge for representing a claimant in a workmen's compensation case? If the statute is controlling, appellant charged an illegal fee and appellee is entitled to judgment for the excessive charge, which, in this case, amounts to $913.00.

Ark. Stat. Ann. § 81-1332 (Repl. 1960) provides: "Fees for legal service rendered in respect of a claim shall not be valid unless approved by the Commission, and such fees shall not exceed thirty per centum (30%) on the first one thousand dollars ($1,000.00) of compensation, or part thereof, twenty per centum (20%) on all sums in excess of one thousand dollars ($1,000.00), but less than two thousand dollars ($2,000.00) of compensation, and ten per centum (10%) on all sums of two thousand dollars ($2,000.00) or more of compensation. . . ."

Our view is that the statute regulating the amount of attorney's fee that may be charged in a case of this kind is so clear that it admits of no doubt. First, the fee charged must be approved by the Commission, and then the Commission is limited as to the amount that may be allowed. In the case at bar, the Commission did not approve the fee charged, and it was in excess of the amount allowed by statute. The great weight of authority is in accord with the view we have expressed. *Sarja* v. *Pittsburg Steel Ore Co.,* 191 NW 742; *Terrell* v. *Wardlaw,* 59 NE 2d 59; *May* v. *Charles Hoertz & Son, et al,* 170 NW 305; *McCamey* v. *Payer,* 22 NE 2d 127; *Whittaker's Case,* 66 NE 2d 785; *Silva's Case,* 25 NE 2d 708. See also 159 A.L.R. 926.

Ark. Stat. Ann. § 81-1331 authorizes contempt proceedings by the Commission in some instances, but here the facts are not such that the statute may be invoked.

The judgment for $913.00, as superseded, is affirmed.