## BIRELEY, GUARDIANSHIP, IN RE

Ohio Appeals, Second District, Darke County.

No. 626.   Decided April 10, 1944.

602

Murphy & Staley, Greenville, for appellee and for the motion.

Joseph W. Sharts, Dayton, for appellant and contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of appellee to strike the bill of exceptions from the files. The appeal is from an order of the Probate Court overruling exceptions to the guardian's final account upon which exceptions evidence was taken and carried into a bill of exceptions which is a part of the record in the cause.

It is urged on behalf of the motion that the bill of exceptions is not properly before the court on appeal because no motion for new trial was filed after the action of the trial court in overruling the exceptions.

Reliance is had upon the general rule, that in cases where trial has been had upon issue of fact drawn between the parties, such factual question may not be reviewed on appeal until the trial court has been given opportunity, by motion for new trial, to reconsider the weight of the evidence. Many cases are cited supporting this general proposition, several of which emanated from this court. **Ide v Churchill, 14 Oh St 372, Chapman v Mannix, 17 Abs 16, Westfall v Dugan, 14 Oh St 276, Bettman v Northern Ins. Co., 27 Abs 116.**

We are of opinion that the question here presented is not controlled by the foregoing rule.

The late section, §10506-40 GC, relating to approval of accounts provides in part:

"That the approval or disapproval of any account shall be a final judgment insofar as the right of appeal is concerned."

It would seem by analogy, at least, the action of the court here under review is such a final order.

Although it has been held that a settlement of an account may not be vacated under the provisions of §§11631 and 11643 GC, Johnson v Johnson, 26 Oh St 357, the proceeding here is in the nature of a motion to open up a judgment. **Section 10506-40 GC** provides that:

"The determination of the Probate Court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, * *."

The action sought to be reviewed is also analogous to a motion for new trial because the court by the settlement of the account had theretofore adjudicated the regularity and validity of the account. See also **Slater v Brown, 43 Oh Ap, 497.** The court considered the weight of the evidence on the hearing on the exceptions.

The question presented is new and in the research that we have made we have been unable to find any case directly in point. The question is not free from difficulty and much can be said in favor of the motion. However, it is our judgment that the motion for new trial was not required in the proceedings sought to be reviewed. The motion to strike the bill of exception will therefore be overruled.

BARNES, PJ., HORNBECK and GEIGER, JJ., concur.