**PLESSINGER, Gdn., Plaintiff-Appellee, v. BIRELEY, etc., Defendant-Appellant, and FOURMAN, et, Defendant-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 634.   Decided May 5, 1945.

632

Murphy & Staley, Greenville, for plaintiff-appellee.
Joseph W. Sharts, Dayton, for Agnes Bireley, defendant-appellant.

## OPINION

By HORNBECK, P. J.

Submitted on an appeal on questions of law from a judgment dismissing a petition to open up a judgment against appellant after the court had sustained a demurrer of plaintiff-appellee to said petition.

The errors assigned are, the court erred in sustaining the demurrer and in entering judgment for plaintiff-appellee.

The petition is directed to an order of the Probate Court of Darke County, Ohio, of April 15, 1942, **41 Abs 601, 604** directing plaintiff as guardian of his then ward, Agnes Bireley, appellant, to sell real estate of his ward to pay her debts.

The petition is so framed that it may be predicated upon §11580 GC or §11631 GC as it alleges generally, irregularity in obtaining the order of sale, abuse of discretion and fraud practiced by the guardian and others.

The plaintiff, Plessinger, guardian, had been prior to the order of sale appointed guardian of the person and estate of Agnes Bireley, she having been adjudged an insane person. At the time of the institution of the petition here under consideration, she had been released from the disability, as of date March 31, 1943.

The proceedings incident to the appointment of the incompetent were challenged appropriately in Probate Court and the judgment of that court made the subject of an appeal to this court and such appointment found to be regular and valid. This appeal is necessarily restricted to a consideration of the validity of the proceedings to sell the real estate.

In support of her petition to vacate, set aside the judgment and for a new trial, appellant sets up ten causes.

The plaintiff-appellee interposed a general demurrer to the petition which the court, upon consideration sustained and thereafter entered judgment against appellant petitioner.

The trial court in a very brief opinion held that the causes assigned for vacating the order of sale were insufficient to state a cause of action in that they were but conclusions of law and not supported by the pleading of essential operative facts.

We consider briefly the ten grounds assigned upon which appellant predicates her right to vacation of the judgment.

1 and 2 relate to claimed irregularities in the appointment of the guardian; 1 as to the insufficiency of the service upon her of the notice of the application for appointment of a guardian and, 2, failure to furnish sufficient bond upon

appointment of the guardian. Both of these questions were considered and determined in the appeal prosecuted upon the appointment of the guardian.

3. Said petition of said guardian falsely and fraudulently stated that said ward's personalty amounted to only $100.00, and that she owed debts requiring sale of her real estate; whereas the reasonable value of personalty was several times $100.00, and she owed no debts that the said personalty (if prudently marketed) and the rentals of said real estate were not ample to meet; and said suit was instituted in pursuance of a conspiracy between said guardian and others to squander, waste, and dissipate said estate.

Obviously, the latter part of this specification is but a legal conclusion without any essential facts set out to support it. The first part of the third specification is likewise too general to support an order of vacation of the order of sale. The demurrer searches the record and it appears that not only the petition sets up that there is insufficient personal property to pay the debts of the incompetent but the formal judgment entry of the court so finds. The amount of the incompetent's debts are not set out nor is the value of her personal property stated but the conclusion is drawn that her personalty was worth several times $100.00 and that she owed no debts that it, if prudently marketed, and the rentals of said real estate would not meet.

4. Said suit was conducted throughout without a trustee for the suit appointed to defend the ward's interests.

It is true that a trustee eo nomine was not appointed for the incompetent. Instead a guardian ad litem was named. The record discloses that after the petition to sell real estate had been duly filed by the guardian, all parties duly summoned and the two parties defendants which held mortgages on the real property to be sold had answered, appraisement of the property made, approved and confirmed and bond ordered to be given by the guardian on the order of the sale of real estate, the guardian reported to the court that the incompetent had attempted personally to make a defense to the action and had filed an answer and that the issues raised by the answer had been considered by the court. The applicant sought the direction of the court whether or not a guardian ad litem or trustee for the suit should be appointed for the ward and her interests in all respects protected and conserved. Thereafter the court upon considering the application of the guardian appointed "Howard G. Eley, an attorney practicing at the bar of this Court, as guardian ad litem for and on

behalf of the said ward, Agnes Bireley, and directs that said Howard G. Eley do and perform such things as he may deem necessary and proper and make such a defense as he may deem necessary and proper for and on behalf of the ward, Agnes Bireley, said duties, however, to be limited specifically to the proceedings to sell said real estate in this cause."

The guardian ad litem qualified and filed an answer in the form of a general denial of each and every allegation in the petition and asked the court to fully protect the interests of the incompetent.

The court also, by the entry appointing the guardian ad litem for the incompetent, set aside the order of sale of the property theretofore made and the confirmation of the inventory and appraisement and thereafter provided that the report of the appraisers heretofore made be refiled and finding it in all respects regular and correct, approved and confirmed it, and ordered a new bond to be given by the guardian in the sum of $5,000.

Considerable discussion is indulged in the respective briefs as to the necessity of a "trustee for the suit" to defend the incompetent and if such appointment is necessary, whether or not the appointment of a guardian ad litem is sufficient under the statute. We are cited to **Hasty, Guardian, v Weller, 19 O O 304,** wherein Judge Wiseman of the Probate Court of Montgomery County held, that in an action by a guardian to sell the real estate of his incompetent ward to pay her debts, the guardian plaintiff can make defense for the ward as a party defendant, as guardian ad litem, and the court is not required to appoint another person as guardian ad litem or trustee as such guardian is not personally interested. In our view of the situation here presented, it is not necessary for us to approve or disapprove the adjudication in the cited case.

Counsel for appellee urges that if necessary to name a representative to defend the incompetent, §10507-26 **GC** is applicable and that it was proper to name a guardian ad litem; as such, and not a trustee.

**Sec. 11249 GC** provides that:

"The defense of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by a trustee for the suit, appointed by the court. * * *".

The gist of §10507-26 **GC** is that a guardian of the person

and estate of a ward shall act as guardian ad litem for such ward in any proceeding in the Probate Court, except suits or proceedings in which the guardian is personally interested.

The court in its action in naming a guardian ad litem other than the guardian of the person and estate, must have determined that §10507-26 GC did not have application. This being true, the appointee should have been designated a trustee for the suit under §11249 GC.

No prejudice has resulted by the designation of the person appointed to defend the incompetent as guardian ad litem instead of trustee for the suit. There is no claim that the person named was not a qualified and disinterested person who was directed to make a proper and complete defense for the incompetent or that he did not make such defense under the title of guardian ad litem. He did everything which was necessary to protect the interests of the incompetent and the mere fact that it was done under designation, guardian ad litem, could not conceivably prejudice plaintiff's rights.

5. It (the sale of the real estate) was without an appraisal required by law.

This is but a conclusion of the pleader. An examination of the pleadings will not support the conclusion without more factual matter being set forth. The question sought to be raised arises because of the fact that after the guardian ad litem was named for the incompetent the court permitted an appraisement which had theretofore been made to be re-filed in the cause and upon examination found it to be regular and ordered it approved and confirmed. Without more, we could not hold that this was prejudicial to any substantial rights of the appellant.

6. The additional $5000.00 bond of said guardian, approved by said court on May 22, 1942, was without sureties who had made oath as to property, and who had sufficient visible unincumbered real estate.

This is not an averment that the bond was insufficient. Nor are we prepared to say that, unless some jurisdictional defect in the proceedings appear in the petition, the insufficiency of the bond alone would support the setting aside of the sale.

7. Said judgment entries of June 12 and August 6, 1942, approving and confirming sales, and all proceedings subsequent to April 15, 1942, were filed after a written notice of appeal had been filed in said court by T. A. Billingsley, attorney for this petitioner, from the judgment entry of April 15, 1942, which appeal remained undismissed.

The record discloses that Mr. Billingsley did act for the

incompetent, filed an answer in her behalf, noted exceptions to the proceedings up to and including the order of sale and at the bottom of the judgment entry journalizing these orders gave notice of appeal. Nothing further appears respecting the notice.

We presume that the averment as to the appeal is made upon the hypothesis that all orders subsequent thereto were invalid and should be vacated and set aside. This does not follow. The form of the notice of appeal, although vigorously challenged in the minority opinion, has been approved in **Capital Loan & Savings Company v Biery, 134 Oh St 333.** We must assume, inasmuch as nothing but the notice appears, that the appeal was on questions of law. If so, as we find no supersedeas bond, there was no suspension of any order theretofore made and the court was free to proceed as though the notice of appeal had not been given. **Goode v Wiggins, 12 Oh St 341; Vail v McMillan, 17 Oh St 617; Farrell v Brazee, 9 Oh Ap 218.**

8. The proceeds of said sales were paid out, on order of said court, to cover said guardian's alleged expenses of sale, attorney fees, compensation, fees of guardian ad litem, appraisers, and relator, without special application in writing specifying same in detail as required by Uniform Rules of Practice under §10501-13 GC, and

10. Said judgment entry of August 6, 1942, authorized and ordered compensations for alleged services in said sale at percentages in excess of amounts set by law and by said Rules of Practice and ordered payment of alleged court costs in excess of the sum fixed by law, to-wit: * * *.

Specification 10 in conjunction with specification 8 is but the pleading of a legal conclusion. There is no statement of the percentages of the proceeds of the sale to which the guardian ad litem, counsel and the court were entitled under the rules or the percentages upon which their fees were fixed. If the fees were excessive, this would afford no reason to set aside the order of sale.

9. Said sale of Tract I to Elizabeth Calloway on August 6, 1942, was made by said judge himself in open court and not upon an order of sale which had been returned, approved and confirmed.

This specification has caused us some concern. Tract I of the real estate owned by the incompetent was the one piece of considerable value. It was appraised at $2500.00. The court found that it would be to the best interests of the ward to sell this tract at private sale and it was so ordered. The

guardian made report, in due form, of the sale of Tract I to John H. Schweiterman for the sum of $2505.00 and in conjunction with said report filed an affidavit that the sale was made "after diligent endeavor to obtain the best price for said property, and that the sale reported is for the highest price that could be obtained." The entry on this reported sale recites that the cause came on to be heard **on the report of the guardian** and upon his motion to confirm the sale in obedience to an alias order as to Tract I. (Emphasis ours) The entry continues:

"Thereupon, the Court inquired as to whether or not any others desired to raise the offer of John H. Schweiterman, and, thereupon, came Elizabeth Calloway and offered to pay for said premises the sum of Two thousand Five hundred seventy ($2570.00) dollars. The Court then inquired of said John H. Schweiterman whether or not he would meet said bid and said John H. Schweiterman, in open court, refused to pay as much as Two thousand Five hundred seventy ($2570.00) dollars.

The Court, having carefully examined the proceedings of said Guardian as to Tract No. I finds that the proceedings are in all respects correct, but, finding that said Elizabeth Calloway has offered to pay the sum of Two thousand Five hundred seventy ($2570.00) dollars, that being more than said John H. Schweiterman would pay for the same, the Court finds that said property should be sold to said Elizabeth Calloway."

It will be noted that this entry up to this point makes no reference to any report of the guardian that Elizabeth Calloway was the highest and best bidder that he could secure for the first tract. In fact he makes no further report or return whatever. The entry then continues:

"It is therefore, by the Court considered, ordered, adjudged and decreed that the proceedings of said petitioner is in all respects correct and according to law, and that said sale has been made for the best and highest price obtainable therefor, and that said proceedings of said Guardian, with the exception of the sale of said premises to John H. Schweiterman, is hereby approved and confirmed, and, it is further, by the Court, considered, ordered, adjudged and decreed that the sale of said premises to the said Elizabeth Calloway for

the sum of Two thousand five hundred seventy ($2570.00) dollars, be, and the same is, hereby approved and confirmed."

It will be noted that these proceedings because of failure of the guardian to report the sale are irregular but that the court secured a bidder who was willing to pay more than the highest amount the guardian had been able to secure from Schweiterman for the property and as to whom the guardian made affidavit that he was the highest bidder. There is no assertion in the petition that the property was not sold to the highest bidder, that it did not bring its fair market value nor that any purchaser was willing to pay more. The entry reciting as it does that the sale was made for the best and highest price obtainable and such determination evidently made in the presence of the guardian will bear the interpretation that it was sold at the highest price obtainable by the guardian.

The statute controlling provides that when an order for private sale is issued it shall be returned by the petitioner and that where ordered the real estate shall not be sold for less than the appraised value.

After careful consideration, notwithstanding the irregularity here found we have concluded the averment would not support the setting aside of the order of sale.

We have given this appeal more detailed consideration than the record alone would seem to require. We are, however, cognizant of the fact that we are passing upon the rights of a person incompetent at the time of the proceedings under review and whose situation is unfortunate. It may be that someone, if especially interested in appellant, could have taken her property and managed it so that it would have been saved for her and that it would have afforded her a means of livelihood which otherwise she may have great difficulty in obtaining. But, it must also be kept in mind that no one could say when, if ever, appellee would be restored to reason. Nor are we unmindful of the fine purpose actuating appellant's counsel in his efforts in her behalf, no doubt with little or wholly inadequate compensation therefor.

Testing the orders sought to be set aside by the law controlling we are unable to find that the petition asserts, or the record discloses, that appellant has been prejudiced in any of her substantial rights by the proceedings to sell the real estate.

The judgment will be affirmed.

GEIGER and MILLER, JJ., concur.