OPINION
{¶ 1} Appellant Emil J. Basista appeals the decision of the Mahoning County Common Pleas Court, Probate Division, naming appellee Butler Wick Trust Company as guardian of the estate of George Poschner. This court is asked to determine whether the probate court abused its discretion in naming Butler Wick as guardian over the estate of Poschner. For the reasons stated below, the decision of the probate court is reversed and remanded.
 STATEMENT OF FACTS AND CASE {¶ 2} This case arises out of the termination of a conservatorship and subsequent appointment of a guardian for Poschner. In May of 1994, Catherine H. Christmas filed an Application for Appointment of Guardian for Poschner, her brother. In response to that application Poschner filed an Application for Appointment of Conservator under R.C. 2111.021, naming his other sister Marie Basista as Conservator. The court found that Poschner did not need a guardian at that time. The court then proceeded to grant Poschner's request and appointed Maria Basista as the conservator.
 {¶ 3} Maria Basista remained the conservator until her death in November 2002. Prior to her death, Emil Basista, her husband and brother-in-law of Poschner, filed an application for Appointment of Guardian of Alleged Incompetent for the Person and Estate of Poschner. A competing application for Appointment of Guardian of Alleged Incompetent was filed by Thomas J. Christmas, Poschner's nephew.
 {¶ 4} A hearing was held before a magistrate of the Mahoning County Common Pleas Court, Probate Division. Evaluations submitted by Basista and the Probate Court's investigator revealed that Poschner was in need of a guardian of his person and estate. On December 11, 2002, the magistrate issued its decisions appointing Basista as the guardian of the person of Poschner and Butler Wick as the guardian of the estate of Poschner. The Probate Court adopted the magistrate's decision on December 17, 2002. Basista filed a timely request for Findings of Fact and Conclusions of Law. The magistrate then issued findings of fact and conclusions of law. Basista timely filed his Objections to the Magistrate's Decision. In an entry issued March 18, 2003, the probate court overruled the objections and ordered the appointment of Butler Wick as guardian of the estate of Poschner and Basista as the guardian of Poschner's person. However, the court noted in its judgment entry that Basista refused the appointment as guardian over Poschner's person and accordingly appointed Butler Wick as the guardian over Poschner's person. Basista timely appeals raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "THE PROBATE COURT ABUSED ITS DISCRETION IN APPOINTING BUTLER WICK AS GUARDIAN OF THE ESTATE OF GEORGE POSCHNER."
 {¶ 6} A probate court has broad discretion in appointing guardians and therefore, a reviewing court will not reverse any decisions regarding the appointment of a guardian absent a showing of an abuse of discretion. In re Guardianship of Muehrcke, 8th Dist. No. 81353, 2003-Ohio-176, at ¶ 21. The term abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Basista begins his argument by asserting that the magistrate's decision did not set forth sufficient facts upon which the probate court could make an independent analysis therefore, the probate court erred in adopting the decision. Basista objected to the findings of fact claiming it was not sufficiently detailed to allow the probate court to make an independent review of the decision. Basista asserts the findings of fact not only need to state deductions from evidentiary facts, but also must contain a recapitulation of much of the evidentiary facts.
 {¶ 8} Civ.R. 53(E)(2) states that "if any party makes a request for findings of fact and conclusions of law under Civ.R. 52," the magistrate's decision must include findings of fact and conclusions of law. Neither Civ.R. 53 nor Civ.R. 52 state how detailed the findings of fact must be. However, prior to the language in Civ.R. 53 being changed from referee to magistrate, courts had stated that: "A referee is not required in this report to recite all of the evidence presented to him at the trial. The referee must, however, state the essential facts that form the basis for the referee's recommendation to the trial judge."[1]Takacs v. Baldwin (1995), 106 Ohio App.3d 196, 208, quoting Zacek v.Zacek (1983), 11 Ohio App.3d 91. Therefore, if the essential facts are stated in the magistrate's findings of fact, then the findings of fact are sufficiently detailed to enable the court to conduct a meaningful review. See Skaggs v. Skaggs (Dec. 4, 1997), 3d Dist. No. 9-97-18.
 {¶ 9} In the case at hand, the magistrate's findings of fact stated that Basista was 80 years old, he was a retired custodian of Austintown Schools, he frequently visited Poschner, and he understood Poschner's accounts from previously helping his wife with Poschner's banking. The magistrate also found that Poschner has a Trust in Georgia which deposits $4,100 into Poschner's bank account every month and that at one time this Trust was worth over $1 million. The magistrate acknowledged that Basista was aware of this Trust. The magistrate also stated that as of May 25, 2001, Poschner had $800,016.04 in assets, thereby making the estate close to $2 million when the Trust is added to the assets. These facts are sufficiently detailed to enable the probate court to conduct a meaningful review. Accordingly, this argument fails.
 {¶ 10} We turn our attention to Basista's argument that the probate court abused its discretion in appointing Butler Wick as guardian of the estate. First, Basista argues the probate court's finding that the estate was large had no factual basis and, as such, the court incorrectly relied upon that value in selecting Butler Wick as guardian of the estate. Basista asserts the estate is only worth roughly $800,000, not $2 million as the court found. Basista argues that inclusion of the Trust in the worth of the estate is inappropriate because while a guardian has liberal access to a ward's estate and assets, it cannot encroach upon a trust deemed irrevocable prior to incompetency.
 {¶ 11} The probate court acknowledged that the Conservatorship account showed almost $800,000 after expenditures. Despite this the probate court still concluded that the potential guardianship estate was substantially larger by including the Trust as part of Poschner's possible assets. The probate court reasoned that while a guardian cannot encroach upon the Trust and even though the Trust was not part of the guardianship estate, the Trust was a part of Poschner's possible assets and since the Trust distributions are considerable, then the Trust must be considered in the valuation of the estate.
 {¶ 12} The probate court abused its discretion in finding that the estate was worth $2 million. While the probate court concluded that the Trust was not a part of the guardianship estate, it added the worth of this Trust to the estate to determine that the value of the estate was $2 million. The court's reasoning was that the distributions were considerable. However, the finding by the magistrate stated that the distributions were $4,100 a month. Adding the distributions to the stated value of Poschner's assets does not raise the valuation of the estate to $2 million, but still renders the estate worth approximately $800,000. Therefore, the probate court's determination that the estate was worth $2 million has no factual basis.
 {¶ 13} Since the probate court incorrectly determined the value of the estate, we must turn our attention to whether the probate court abused its discretion in relying on this erroneous valuation of the estate in naming Butler Wick as guardian. Basista argues it was an abuse of discretion and that the guardian selected should have an interest in the proceedings, which according to him Butler Wick does not. Basista cites In re Estate of Bednarczuk, (1992), 80 Ohio App.3d 548 for this proposition.
 {¶ 14} In Bednarczuk, the court named the grandfather as guardian of the estate of the minor instead of naming the father as the guardian of the estate. The appellate court found no abuse of discretion and reasoned that while the father showed an ability to manage the estate he was not very familiar with the assets of the estate, and since the grandfather had previously managed the assets and showed an ability to manage the assets it was in the best interest of the minor to have the grandfather named as guardian of the estate. Id. The Bednarczuk case supports the position that a person with more familiarity with the assets of the estate that also has an ability to manage the estate should be named as guardian, instead of naming a person with less familiarity with the assets as guardian.
 {¶ 15} Here, the court specifically acknowledged that Basista was familiar with Poschner's accounts and that he had been helping his wife manage the accounts. Still the court refused to appoint Basista as the guardian of the estate. We hold that given the facts, the court abused its discretion in making this determination. There are no allegations that Basista, when helping as conservator, mismanaged the accounts, nor does the record contain any indication of this. Moreover, the probate court incorrectly determined the valuation of the estate and relied on that valuation as one of the main factors for appointing the corporate fiduciary as the guardian of the estate. In a situation, where the party seeking to be appointed guardian is familiar with the accounts, there is no allegation of mismanagement or indication why the applicant cannot manage the estate, and the valuation of the estate was largely overestimated by the probate court, the probate court abuses its discretion by appointing a corporate fiduciary as guardian of the estate when that corporate fiduciary did not request to be guardian. Consequently, this argument has merit and is a basis for reversal.
 {¶ 16} Next, Basista argues that the notice provisions in R.C.2111.04 were not complied with because Butler Wick was never named as a party to the proceedings. Basista concedes that the probate court may appoint a guardian who has not filed an application, but instead insists that the probate court must give prior notice to the heirs and conduct a hearing concerning this possible applicant before it can appoint that applicant.
 {¶ 17} R.C. 2111.04, the notice statute, states that:
 {¶ 18} "(A) * * * no guardian of the person, the estate, or both shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing to be served as follows:
 {¶ 19} "* * *
 {¶ 20} "(2) In the appointment of the guardian of an incompetent, notice shall be served:
 {¶ 21} "(a)(i) Upon the person for whom appointment is sought by personal service, by a probate court investigator * * *. The notice shall be boldface type and shall inform the alleged incompetent, in boldface type, of his rights to be present at the hearing, to contest any application for the appointment of a guardian for his person, estate, or both, and to be represented by an attorney * * *.
 {¶ 22} "(ii) * * *
 {¶ 23} "(b) Upon the next of kin of the person for whom appointment is sought who are known to reside in this state."
 {¶ 24} The language in this statute indicates that the notice requirements are met when the alleged incompetent and his next of kin have been informed that the jurisdiction of the probate court has been invoked on the question of whether or not a guardian should be appointed. In the Matter of Edwards (Mar. 19, 1998), 8th Dist. No. 72473, citing In re Guardianship of Bireley (1944), 59 N.E.2d 69, In reMetzenbaum (July 31, 1997), 8th Dist. No. 72052, In re Sechler (Dec. 24, 1996), 10th Dist. No. 96APF03-359. The language in the statute does not specifically state that either the alleged incompetent or his next of kin must know of the applications for the appointment of a guardian. In fact, courts have stated that notice does not need to be given that a second person has applied for the position of guardian, even if the second person is appointed guardian. Edwards, 8th Dist. No. 72473, citingBireley, 59 N.E.2d 69. The identity of the appointee does not affect the substantive rights of the ward. Edwards, 8th Dist. No. 72473 citingBireley, 59 N.E.2d 59, Metzenbaum, 8th Dist. No. 72052, Sechler, 10th Dist. No. 96APF03-359. If the substantive rights of the ward are not affected, then neither are the substantive rights of the next of kin.Edwards, 8th Dist. No. 72473. Under this reasoning, Poschner and his heirs were only required to be put on notice that the court was going to hold a hearing on whether a guardian should be appointed. The names of all the possible applicants are additional information that is not required by the statute to be given. Therefore, even if Butler Wick had filed an application prior to the magistrate's decision, neither Poschner nor Basista were required to receive notice of this application. However, Butler Wick did not file an application until after the magistrate's decision. Even given this fact, the reasoning cited above is still applicable because the right that the notice statute is concerned with is the right to know that the court is going to determine whether a guardian needs to be appointed. This right having been met means the notice requirements were not violated. Therefore, this argument lacks merit.
 {¶ 25} Additionally, we note that Basista asserts that an improper relationship exists between opposing counsel and the probate court. As there is no support for such allegation in the record, it fails.
 {¶ 26} For the foregoing reasons, the probate court abused its discretion in determining the value of the estate. Moreover, the probate court abused its discretion in denying Basista's application for guardian. Accordingly, the decision of the probate court is hereby reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
Donofrio and DeGenaro, JJ., concur.
[1] In 1995 the language in Civ.R. 53 was changed from referee to magistrate. Civ.R. 53 1995 Staff Notes.